## SHEFFIELD & MAIN vs. JOHN C. BARBER.

J. was doing business under the name of the P. W. Co. Moneys due to B. were attached by a writ against B. directing the attachment of the debt due from the P. W. Co. to B., and describing J. as the treasurer of the P. W. Co.

The garnishee's affidavit admitted $60.68 due, and disclosed the identity of the P. W. Co. and J. The minute of judgment was, "Trustee charged for $60.68."

Subsequently the same moneys were attached by another creditor of B. by a writ against him garnishing J.

Held, that J. was properly chargeable as trustee in the latter suit.

EXCEPTIONS to the Court of Common Pleas.

This action was *assumpsit* brought in the Justice Court of the town of Westerly, and carried by appeal to the Court of Common Pleas. After verdict for the plaintiffs, a motion was made to charge the garnishee with the amount disclosed by his affidavit, which motion was overruled by the presiding justice and the plaintiffs excepted.

*Providence, July* 19, 1883. CARPENTER, J. In this action Joseph Dews was served with process as garnishee, and states in his affidavits that he was, before the service on him, indebted to the defendant in the sum of $60.68 ; that previous to the service on him in this action he was served with a copy of the writ in an action of Otis P. Chapman against the defendant, which writ contained a direction to attach the personal estate of the defendant in the hands of " The Phenix Woolen Co., of which Joseph Dews, of Boston, in the Commonwealth of Massachusetts, is treasurer, said Phenix Woolen Co. being located and doing business in Westerly under the name and style of Phenix Woolen Co. ; " that he was " at that time doing business in Westerly under the name and style of Phenix Woolen Co., and was treasurer of the same ; " that he made disclosure of the above facts in his affidavit in the Chapman suit; and further says, " I understand that judgment was obtained by said Otis P. Chapman in his said case against John C. Barber, and that the Phenix Woolen Co. was charged as trustee of said Barber." The copy of the writ annexed to the

affidavit shows the indorsement by the trial justice, " Trustee charged for $60.68." Upon the showing of these affidavits the garnishee was discharged and the plaintiff alleged exceptions.

The question then is whether the garnishee is protected from liability in this suit by reason of the judgment charging him in the former suit. The proceeding by trustee process is an action against the garnishee as well as against the defendant, and the process must be subject to the ordinary rule which requires that the names of the parties shall distinctly appear as such in the process. We do not think the name of the garnishee so appears in this writ. It has been held, and we think with good reason, that the use of the name of a copartnership without the names of the partners is not a sufficient statement of parties. *Reid* v. *McLeod*, 20 Ala. 576. We do not think that the use of the words, " The Phenix Woolen Co.," being the name or style under which one person does business, can answer the rule better than the same words had they been used in the same way by several persons. The name of Joseph Dews, indeed, appears on the writ, but it does not appear as that of the person to be charged. So far as appears on the face of the writ, he might be the proper person to be served with process, and yet might be no party to the writ.

A question may perhaps be made whether the court might not lawfully have charged Joseph Dews, since he was served with the process, and by his disclosure admitted that the words, " The Phenix Woolen Co." are a trade name by which he and he alone is designated. This question, however, cannot arise in this case, since it does not appear that such a judgment was rendered. The statement of the garnishee, on his information, is to the contrary; and the note of the judgment made by the justice, when properly extended, would show no judgment against Dews personally. We therefore think he was not bound to pay the judgment in the suit of Chapman, and is properly chargeable in this suit. The exceptions will be sustained and the case remanded for further proceedings. *Exceptions sustained.*

*Peabody & Crafts*, for plaintiffs.

*Edward H. Dixon*, for defendant and garnishee.