## JAMES REID & CO. vs. McLEOD.

1. When process of garnishment is sued out against a firm, and judgments *nisi* and final are rendered against them by default, and the names of the partners composing the firm no where appear in the proceedings against them, the judgment will be reversed, and judgment rendered in the Appellate Court quashing the proceedings.
2. It is not necessary in such case that the defendant should plead the defect in abatement.

ERROR to the Circuit Court of Mobile.
Tried before the Hon. John Bragg.

Daniel McLeod, the defendant in error, having obtained a judgment against one John Ashby, sued out a writ of garnishment against "the firm of James Reid & Co." as the debtor of said Ashby. The garnishees failed to appear, and judgment *nisi* was rendered against them, which was afterwards made final. The affidavit of the plaintiff, the writ of garnishment, and all the subsequent proceedings describe the garnishees as "the firm of James Reid & Co. ;" but the names of the partners composing the firm no where appear in the record.

JOHN T. TAYLOR, for plaintiff in error, cited 8 Term Rep. 508; 1 Chitty's Pl. 255; 5 Halst. 295; 2 Munf. 349; 3 Caine's Rep. 170; 1 Penn. 75; ib. 137.

No counsel appeared for the defendant.

CHILTON, J.—The pleadings in every suit shoud set forth the names of the parties, both plaintiff and defendant, with such certainty as to enable the court to determine in whose favor and against whom to render judgment. This is an elementary rule, the observance of which is indispensable in the proper administration of the law.

Mr. Chitty in his work on Pleading (vol. 1 p. 256) says : "It must be stated with certainty who are the parties to the suit, and therefore a declaration by or against C. D. & Company, not being a corporation, is insufficient." The same principle is substantially asserted in 8 Term Rep. 508; Tomlinson v. Burke, 5 Hals. Rep. 295; Bently v. Smith, 3 Caine's Rep. 170; and Scott v. Dunlap & Co., 2 Munf. Rep. 349. In the case before us, the whole proceeding and judgment appear to be against a *firm name*, while the parties composing it are no where disclosed by the record. Such uncertain, vague proceeding cannot be sustained, and ought not to be favored.

Let the judgment be reversed, and judgment here rendered quashing the proceedings, so that the defendant in error, if he see proper, may sue out process of garnishment against the person or persons composing the firm, or negotiating in the

.name and style of James Reid & Co.　We would observe that this is not a case where the defendant is required to put in his plea in abatement; for it would be absurd to hold that a defendant must plead what his adversary already admits upon the record.　See Coll. on Part. §§ 717 and 718.　Let judgment be entered againt the defendant in error for the cost of this court and of the court below.

　　　　Judgment accordingly.