## LANFORD vs. PATTON, DONEGAN & CO.

[ACTION ON PROMISSORY NOTE.]

1. *Partnership, suits by; what should show.*—In a suit by a partnership, the names of the partners composing the firm should be stated with distinctness.

2. *Same; when judgment by default is error.*—In a suit by a partnership, in the firm name only, neither the christian nor surnames of the persons composing the firm appearing in the record, nor aught else in the proceedings by which an amendment might be made, it is error to render judgment by default.

3. *Section 2811 of Revised Code construed.*—Section 2811 of the Revised Code, which provides that "no judgment can be arrested, annulled or set aside for any matter not previously objected to, if the complaint contain a substantial cause of action," does not effect a case like this, but applies to cases where the parties appeared in court.

APPEAL from the Circuit Court of Madison.
Tried before Hon. W. L. WHITLOCK.

The facts are stated in the opinion.

D. P. LEWIS, and CABANISS & WARD, for appellant.
—— ——, *contra.*

B. F. SAFFOLD, J.—The appellees, suing in their firm name only, their christian and surnames no where appearing in the proceedings, recovered a judgment by default against the appellant. He, on appeal, objects to the judgment for the omission to set out their names properly.

In suits by a partnership, the rule is, that the names of the parties composing the firm should be stated with certainty.—1 Chit. Pl. 256. The failure to do this in judgment by default, nothing appearing in the proceedings by which an amendment could have been made, is a reversible error. *Reid & Co. v. McLeod,* 20 Ala. 576.

Partners in any business or pursuit may be sued by their common name, but the judgment binds only their joint property.—Rev. Code, § 2538. They can not object to this because their liability is diminished. But there is no warrant in the statute for the proposition, in derogation of the general rule, that a partnership may sue by their common name merely.

The omission to state the individual names of the partners is not cured, after judgment by default, by Rev. Code, § 2811 ; that " no judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action." We con-

38

strue this section to apply to cases where the parties were present in court. It would be unjust to allow a party, present and cognizant of errors, which could be corrected on the moment, without injury, to reserve them, by his silence, for appeal, with its attendant cost and delay. But when the defendant, admitting his proper liability, and relying upon the right procedure of the plaintiff and the court, declines to defend, he ought not thus to be precluded.

The judgment is reversed, and the cause remanded.