WARE, ADM'R, vs. ST. LOUIS BAGGING AND ROPE COMPANY.

[ACTION ON JUDGMENT.]

1. *Pleading ; nul tiel corportion, when irrelevant.*—A plea of *nul tiel* corporation to a complaint which describes the plaintiffs as "The St. Louis Bagging and Rope Company," without more, is irrelevant, and may be stricken out.

2. *Same ; parties plaintiff, imperfect description of, not available on error or in arrest of judgment, if not previously objected to.*—When the complaint contains a substantial cause of action, and judgment is rendered on the plea of the general issue, the imperfect description of the character in which the plaintiffs sue, not previously objected to, is not available in arrest of judgment, or on error.

3. *Presumptions on appeal ; when demurrer presumed withdrawn.*—A demurrer copied into the transcript, upon which no action of the court appears to have been taken, will be presumed to have been withdrawn.

4. *Evidence ; waiver ; admission of evidence without objection below, not available on error.*—Where the minutes of a court and the original papers in a cause are used in evidence in another court without objection, and admitted to be correct, exception to the irregularity of their admission can not be made for the first time in this court.

5. *Amendments ; judgment amended, on appeal.*—A judgment against the defendant individually, when sued as administrator on a cause of action against his intestate, will be amended to conform to the complaint.

6. *Constitutional law ; Art. IV, § 2, of the State Constitution, not violated, when statute complete within itself.*—An act of the legislature, complete in itself, intelligible without reference to any other, and not purporting to be amendatory of another, does not violate Art. IV, § 2, of the State constitution.

APPEAL from the City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

THIS action was brought on a judgment rendered in the circuit court of Montgomery county, at the June term, 1867, by default, in favor of appellee, and against appellant's intestate, James H. Ware. It was commenced on the 4th day of March, 1869. On the 12th day of July,

1869, the plea of the general issue was filed, and on the 17th day of July, 1869, the defendant filed two other pleas, viz. : 2. *Nul tiel record ;* 3. *Nul tiel corporation.* In both cases the appellee sued simply in the name of the St. Louis Bagging and Rope Company. At the trial, the court, on motion, struck the third plea from the file, and the defendant excepted, and thereupon the defendant withdrew his second plea, and the cause was tried on the general issue alone. A demurrer was also interposed, but it seems to have been abandoned. There was nothing tending in anywise to show that appellee was a corporation, except the following endorsement on the complaint in this case : "The plaintiff being a corporation, I acknowledge myself as security for the costs of this cause," to which entry the name of one of the attorneys of plaintiff was signed. After a trial by jury, and verdict and judgment for plaintiff, the defendant moved in arrest of judgment upon the following grounds : 1. The complaint does not show that the plaintiff has any cause of action as against the defendant. 2. Said complaint failed to show that the plaintiff had any right to sue in its own name. 3. Said complaint showed on its face that the alleged judgment upon which this suit is brought is null and void, because it appears from said complaint that said judgment, if any such exists, was rendered against a deceased person. 4. Said complaint does not purport to be brought in the name and in behalf of any person capable of suing. 5. Said complaint purports to be in behalf of a company, and there is no averment of the incorporation of said company, or their right to sue as such, or that said company was a copartnership. The motion was overruled, and defendant excepted. Appellant assigns as error, the overruling of said motion in arrest of judgment ; the striking out of the plea of *nul tiel corporation ;* the admission, by the court below, of certain record evidence of the judgment sued on ; the rendition of judgment against defendant personally, when the judgment should have been *de bonis intestatis ;* and the unconstitutionality of the law authorizing a term of said court to be held at the time this judg-

ment was rendered, because it does not set out the act in full which it purports to amend.

MORGAN, BRAGG & THORINGTON, for appellant.—1. The third plea was good as a plea *in bar*, and should not have been stricken from the files of the court. It was a matter of defense of which the defendant was entitled to take advantage, and the plaintiff should have met it either with a demurrer or a replication.—Angell & Ames on Corporations, § 634, and authorities cited; *Carpenter v. Jeter*, 4 Stew. 326; *Morgan v. Rhodes*, 1 Stew. 70.

The Revised Code, § 2630, enumerates the cases in which pleas may be stricken from the files on motion. This plea is not faulty for any reason mentioned in said section, and being good in form, the motion to strike out was improperly made. In other cases than those enumerated in said section, the legislature contemplated that pleas which conformed substantially to the schedule of forms contained in the Code should be met by demurrers or replications. But it is said we were estopped from pleading *nul tiel* corporation, because this was a suit upon a judgment. But does it follow that because there was such a corporation when the first judgment was rendered, that, therefore, the appellant should be precluded from showing that there was no such corporation at the trial when a suit is brought upon that judgment? *Non constat*, the corporation might have been dissolved during this intervening period. Such a plea was a good plea.

The court below must have proceeded upon the idea that said third plea was a plea in abatement; if so, this was an error.—Angell & Ames on Corporations, § 634, and authorities there cited.

If the court below proceeded upon the idea that by demurring to the complaint the defendant admitted the corporate capacity of the plaintiff, so as not to be able afterwards to deny its corporate capacity by a plea in bar, this was also error. A defendant, under our statute, may plead as many several pleas as he may deem necessary to his de-

fense, and that these pleas are inconsistent, is no objection to them.

Plaintiff being a private corporation, even if it had been chartered in this State, no court could have taken judicial notice of its charter and corporate capacity, and upon the issues made in this case it would have been compelled to have proved its corporate capacity.—*Ala. Conf. Meth. E. Church v. Price, Ex'r*, 42 Ala. 39, and authorities there cited ; Angell & Ames on Corporations, §§ 633–4, and authorities there cited ; *Selma & Tenn. R. R. Co. v. Tipton*, 5 Ala. 787 ; *Duke v. Cahaba Nav. Co.*, 10 Ala. 82.

But the plaintiff, being a foreign corporation, the plea of the general issue called in question its corporate character, and devolved upon it proof of its corporate character. Angell & Ames on Corporations, § 633, note 3, and authorities there cited.

When a foreign corporation appears in court it must establish its right to bring the suit and to make the contract it seeks to enforce.—*Marine Ins. Co. v. Jauncey*, 1 Barb. 436 ; *Bank of Michigan v. Williams*, 5 Wend. 478 ; Angell & Ames on Corporations, § 633, note 4, and authorities there cited ; *U. S. Bank v. Stearns*, 15 Wend. 314.

But no proof whatever was made of the corporate existence of plaintiff, or that plaintiff was authorized to make the contract which it sought to enforce in this case. The judgment is *de bonis propriis ;* it should be *de bonis testatoris*, if rendered at all.

The judgment appealed from in this case is null and void, because the term of the court at which it was rendered was held under and by virtue of an act of the legislature approved November 28, 1868 ; which act is unconstitutional in this,—it amends and revises another act of the legislature, and fails to contain said act, amended, as to the time and place of holding said court.—Cooley on Const. Lim. p. 177 ; *Tuscaloosa Bridge Co. v. Armstead*, 41 Ala. 17–21, and authorities there cited ; *Weaver et al. v. Lapsley*, 43 Ala. 228–9 ; Const. of Ala. Art. IV, § 2.

That the said judgment is void, see the following authorities.— *Grignon's Lessees v. Astor et al.*, 2 How. 338 ; *Elliott*

*et al. v. Pearsall et al.*, 1 Peters, 340; *Wilcox v. Jackson*, 13 Peters, 511; *Lessee of Hickey et al. v. Steward*, 3 How. 762; *Wightman v. Karsner*, 20 Ala. 451; *Lamar v. Com'rs Court Marshall County*, 21 Ala. 772; *Cullum v. Casey & Co.*, 1 Ala. 351; *Garlick v. Dunn, Ex'r*, 42 Ala. 404–5.

As this suit was properly pending in the said city court before the erroneous and void judgment was rendered, a reversal by appeal is the proper remedy, because the effect of a reversal will be to leave the parties where they were before said erroneous and void judgment was rendered. *Cullum v. Casey & Co.*, 1 Ala. 351; *Garlick v. Dunn*, 42 Ala. 404; *Dred Scott v. Sanford*, 19 How. 394.

An objection like that which is here made to the above judgment may be taken at any stage of the proceedings, for it goes to the power of the court over the parties or the subject matter, and the defendant need not, for he can not give the plaintiff a better writ or bill.—*Rhode Island v. Massachusetts*, 12 Peters, 657; Cooley on Const. Lim. p. 398; *Hill v. People*, 16 Mich. 351.

The above amendment and revision of said statute is not made by implication; it is an express amendment and revision. Such is its effect, and it is within the mischief of the constitutional inhibition. This court has decided that the legislature is presumed to know the law, and to know the extent of its powers. Whatever, therefore, the legislature does is done knowingly, and is expressly done, and any violation of an express provision of the constitution by the legislature can not be maintained and upheld on the ground that it was impliedly and not expressly done.—*Ex parte Selma & Gulf R. R. Co.*, 45 Ala. 696.

And reluctant as this court may be to pass upon the constitutionality of a statute unless necessity requires it, yet when that necessity exists, this court has a duty to perform from which it will not shrink, let the consequences be what they may.—*Ex parte Selma & Gulf R. R. Co.*, 45 Ala. 696; *Dorman v. The State*, 34 Ala. 216; *Sadler v. Langham et al.*, 34 Ala. 335; *Oakley v. Aspinwall*, 3 Coms. 547, 568.

What the legislature can not do directly and expressly,

it can not do indirectly by implication.—Cooly on Const·
Lim. pp. 95, 160, note 3, 285, 289.

If the provision of the constitution in question is any-
thing, it is a form prescribed for legislative action. " The
forms prescribed for legislative action are in the nature of
limitations upon its authority. The constitutional provis-
ions which establish them are equivalent to a declaration
that the legislative power shall be exercised under these
forms, and shall not be exercised under any other. A
statute which does not observe them will plainly be inef-
fectual."—See Cooley on Const. Lim. p. 177. If this be a
true construction, and unquestionably it is, then how can
the courts excuse a disregard of these provisions on the
part of the legislature by saying that if the amendatory
law is original in form, complete in itself, and intelligible
without reference to any other law, in that event it is not a
violation of the constitutional provision? This court has
never so decided.

It is respectfully submitted, that the remark made to that
effect, and the authorities cited by Chief-Justice WALKER,
in his dissenting opinion in the cases of *Ex parte Pollard*
and *Ex parte Woods*, in the 40th Alabama Reports, p. 100,
was not essential in any point of view to the decision of
that cause; and that the same is true of the same remark
made by the majority of the court in the case of the *Tus-
caloosa Bridge Co. v. Olmstead*, (41 Ala. 18.)

SAM'L F. RICE, and FITZPATRICK, WILLIAMSON & GOLD-
THWAITE, *contra.*—1. Was it proper for the court to strike
from the file the plea of *nul tiel corporation?* It was, for
two reasons. 1st. The plea of the general issue admits the
character in which plaintiff sues.—Angell & Ames on Cor.
§ 633; *Prince v. Bk. of Columbus*, 1 Ala. 241; *Walker v.
Mobile Ins. Co.*, 31 Ala. Rep. 529; *Litchfield Bank v. Chenk*,
29 Conn. 148; *Monumoi Ex. Bank v. Rogers*, 1 Mass. 159;
*School Dist. v. Blaisdell*, 6 N. Hamp. 197; *Bank v. Allen*,
11 Vt. 302; *Penobscot Cor. v. Lamson*, 4 Shep. 224. 2d.
The two other pleas should have been stricken out, because

they were filed five days after the plea of the general issue, and without leave of the court.—Rev. Code, § 2639.

2. The demurrer does not seem to have received any attention by the court, and if it was ever filed, must be considered as waived by pleading to the merits.

3. In addition, the right of the plaintiff to sue was admitted in the judgment against James H. Ware. This suit being on that judgment, against the administrator of J. H. Ware, nothing determined in that suit can be re-examined in this.

4. It is insisted, that the city court of Montgomery had no right to hold a term at the time this judgment was rendered, on the ground that the act of 1868 (Acts of 1868, page 351,) is unconstitutional, in that it seeks to amend a former statute, and does not set that former statute out in full. This provision of the constitution (art. 4, § 2,) is only intended to prohibit amending or revising laws by additions or alterations which, without referring to the law amended, would not be intelligible. If the law in itself, without reference to any other law, is complete, original in form, and intelligible, it does not fall within the meaning and spirit of the constitution. The above rule is the test, and if the new law bears this test, it is not obnoxious to the provision of the constitution. This law of 1868 is complete in itself, is intelligible without reference to any other law, and is original in form.—*Ex parte Pollard*, 40 Ala. 100; *Com. v. Dewey*, 15 Grattan, 1; *Davis v. State*, 7 Md. 151; *Parkinson v. State*, 14 Md. 18–21.

B. F. SAFFOLD, J.—The suit is by the appellees upon a domestic judgment recovered against the intestate of the appellant. The summons and complaint contain no other description of the plaintiff than as the "St. Louis Bagging and Rope Co."

The pleas of the defendant were—1st, the general issue; 2d, *nul tiel* record; 3d, *nul tiel* corporation. On motion of the plaintiff, the third plea was stricken out, upon which the defendant excepted, and withdrew his second plea. The proceedings and judgment in the suit against the decedent

were given in evidence, and are made a part of this record by the bill of exceptions. It appears that in that suit, the plaintiffs were described in the same manner as in this, and that judgment was by default.

It does not appear from the record that the plaintiffs sued as a corporation. The plea of *nul tiel* corporation was therefore irrelevant, and subject to be stricken out.—Rev. Code, § 2630.

The defendant can not make any objection to the judgment, the foundation of the suit, that his intestate could not have made. Section 2684 of the Revised Code says: "When suit is brought by a firm, or in the name of a partnership, the plaintiff must not be required to prove the existence of the firm, or the individuals composing it, unless the same is denied by plea, verified by affidavit." The name or firm used by a partnership is arbitrary and conventional. They may use the name of both, or of one of them alone, or any distinct designation, by which all will be included or bound, as if their names were used.—Par. on Part. p. 128. The judgment sued on, being by default, might have been reversed on error, under the authority of *Reid & Co. v. McLeod*, (20 Ala. 576). But in the present suit, as the defect in the complaint was neither demurred to, nor pleaded in abatement, and the cause was tried on a plea to the action, the defendant must be deemed to have waived it.—*Ortez v. Jewett & Co.*, 23 Ala. 662.

The demurrer set out in the transcript seems not to have been acted on. We presume it was waived. The matters assigned as ground for arrest of judgment are such as might have been, but were not, objected to before; the complaint contains a substantial cause of action, and therefore the judgment could not be arrested.—Rev. Code, § 2811. The third ground of the motion is not sustained by the record.

The record evidence objected to in the assignment of errors, was received without objection on the trial, and admitted to be the proceedings of the courts they purported to be. No objection can now be taken to it.

The judgment is entered against the defendant individually. He was sued as administrator on a cause of action

against his intestate. It will be amended so as to conform to the complaint.—Rev. Code, §§ 3505, 3502; *Hicks v. Barret*, 40 Ala. 491.

The act approved November 28, 1868, "to fix the time of holding the city court of Montgomery," is an independent law, not purporting to be amendatory of another. It does not, therefore, violate article 4, section 2, of the State constitution.—*Ex parte Pollard*, 40 Ala. 77.

The judgment is amended, and affirmed.