## Sims, Harrison & Co. *v.* Jacobson & Co.

*Attachment against Non-Resident.*

1. *Action by or against partnership; description of partners' names.* — In an action by a partnership, commenced by attachment, if the individual names of the several partners are not stated in the writ, bond, or affidavit, the defect is good matter for a plea in abatement; but in an action against a partnership, the statute (Rev. Code, § 2538) dispenses with the necessity of stating the partners' names.

2. *Plea denying defendant's ownership of property attached.* — That the defendant is not the owner of the property attached, is not good matter for a plea in abatement of the attachment suit.

3. *Amendment of writ, affidavit, and bond.* — When an attachment is sued out by a partnership, against a partnership, and the names of the individual partners are nowhere stated, the affidavit, bond, and attachment may be amended, on motion, so as to set out their names.

4. *Amendment of complaint.* — In an action between two partnerships, commenced by attachment, the complaint may be amended on motion (Rev. Code, § 2809), by inserting the individual names of the partners composing the two firms.

5. *Plea of bankruptcy.* — A discharge in bankruptcy, obtained by the defendant after the issue and levy of an attachment, cannot be pleaded by him in abatement of the attachment suit. As to him, the lien of the attachment continues, notwithstanding his discharge; his assignee only can have it dissolved.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by the appellants, and was commenced by attachment on the ground of the defendants' non-residence. The affidavit for the attachment was made by Thos. W. Sims, and stated that the defendants, " Jacobson & Co.," were indebted to " Sims, Harrison & Co.;" and the names of the parties were so stated in the attachment and bond, without any designation of the partners' names. The attachment was sued out in April, 1872; and at the return term, in October following, a complaint was filed, in which the parties were described as before. At the same term, the defendants entered a special appearance, and filed five pleas in abatement, which were duly verified by affidavit. The first was, that the names of the individual partners composing the plaintiffs' firm were nowhere

stated; the second, that the names of the partners composing the defendants' firm were nowhere stated; the third, that said Jacobson & Co. had no interest in the property attached; the fourth, that in May, 1872, said Jacobson & Co. had filed their petition in the proper United States court in Mississippi, asking to be adjudged voluntary bankrupts, and had regularly obtained their certificate of discharge as bankrupts; and the fifth, that the bond was not conditioned as required by law. They also submitted a motion to quash the attachment, on the grounds stated in their several pleas; and the plaintiffs submitted counter motions, asking leave to amend the complaint, the attachment, bond, and affidavit, by inserting the individual names of the partners composing the two firms. The court overruled the motions to amend, and quashed the attachment; to which the plaintiffs excepted, and which they now assign as error.

R. H. Smith and Thos. Cobb, for appellant.

Snedicor & Cockrell, contra.

BRICKELL, J. — The attachment was sued out by the plaintiffs in their firm name, neither the writ, bond, or affidavit disclosing the individual names of the several partners. In process and pleading, at common law, certainty with regard to the parties to the suit was indispensable. Therefore, a writ or declaration, by or against a partnership, must have mentioned the names of the partners. 1 Chitty's Pl. 256; *Reid & Co.* v. *McLeod*, 20 Ala. 576; *Sanford* v. *Patton, Donegan & Co.* 44 Ala. 584. This common-law rule is unchanged, as to suits by a partnership. The first plea in abatement to the attachment was, therefore, properly sustained. But the second plea in abatement should not have been sustained. The statute (R. C. § 2538) authorizes a suit against partners by their common name, the judgment binding only the joint or partnership property.

2. The third plea in abatement, alleging that the property levied on by the attachment was not the property of the defendants, cannot be sustained. The office of an attachment, under our statutes, is not only the creation of a lien on the property seized, to be followed by a judgment of condemnation, but it is to obtain a judgment operating *in personam*, as fully as if rendered on personal service of ordinary process. Its levy is equivalent in all respects to the service of process purely personal, and the court has jurisdiction to hear, determine, and pronounce judgment in the cause, as it would have if it had been commenced by such process. Therefore, it was

long since settled, that the defendant in attachment should not plead in abatement, denying his ownership of the property levied on. *King* v. *Bucks*, 11 Ala. 217.

3. It is not necessary to determine whether or not the matter of the fifth plea is sufficient to abate the attachment, or whether, construing the bond, as it must be construed, in connection with the affidavit and writ, it would be regarded as a mere clerical misprision amended by them. The complaint filed pursued the writ of attachment, in its description of the parties plaintiff and defendant. The plaintiffs asked leave to amend all these, by setting out the individual names of the several partners, and to amend the bond, so that it should conform to the amended affidavit, writ, and complaint. The court refused to permit the amendment. As to the bond, the statute expressly provides, that "no attachment must be dismissed for a defect in, or want of a bond, if the plaintiff, his agent, or attorney, is willing to give or substitute a sufficient bond." R. C. §§ 2989–90. The bond is intended to protect the defendant against the wrongful or vexatious suing out of the writ, and to afford him the means of redress if the writ is so sued out. This protection is fully afforded him, if the bond, as a prerequisite to the continued prosecution of the suit, can be compelled, whenever he calls the attention of the court to the insufficiencies of the bond filed, or to the want of any bond. The statute declares, "The attachment law must be liberally construed, to advance the manifest intent of the law; and the plaintiff, before or during the trial, must be permitted to amend any defect of form in the affidavit, bond, or attachment; and no attachment must be dismissed for any defect in, or want of a bond, if the plaintiff, his agent, or attorney, is willing to give or substitute a sufficient bond." R. C. § 2990. The construction of this statute has been, that, as to the affidavit and writ, it distinguishes carefully between defects of form and defects of substance, the first being curable, while the last are not the subject of amendment. *Hall* v. *Brazleton*, 40 Ala. 406. The matters of substance in an affidavit for an attachment are: the existence of a debt, its amount, and that it is justly owing from the defendant to the plaintiff; that some one of the causes for which an attachment may issue exists; and a negation of a purpose to vex or harass the defendant. *Hall* v. *Brazleton*, *supra*. All else than these is mere matter of form. A misstatement of the amount or character of the debt, or a misdescription of the plaintiff or defendant, would be, within the meaning of the statute, a matter of form, not of substance. There would be a debt owing from the plaintiff to the defendant, whether its amount and character are correctly or incorrectly stated. The statement of the amount is neces-

[Sims v. Jacobson.]

sary, only to show the jurisdiction of the court, and the penalty which should be prescribed in the bond. It is the fact of the debt, rather than its amount or character, which is matter of substance. So, the character in which plaintiff or defendant sues or is sued, is not the matter of substance, but the right of the one to sue, and the liability of the other to be sued. Whether the plaintiff sues individually, or in a representative capacity, or whether the defendant is sued in the one or the other capacity, is matter of form; the substantial fact being, that the one has a right to sue, and the other the liability to be sued, by attachment; or, if the ground on which the attachment is prayed is imperfectly or inaccurately stated, it is matter of form, amendable under the statute.

Attachments are often issued by justices of the peace, and clerks of court, not versed in legal forms, or impressed with a sense of the necessity of observing them. Prior to the statute, they were often quashed for a mere want of form, and the inaccuracies of the officer issuing them. To remedy this, was the purpose of the statute; and it must be so construed as to effectuate that purpose. The amendment proposed in this case was the introduction of the names of the individual members of the several partnerships, plaintiff and defendant. The affidavit and attachment clearly indicated that the plaintiffs were suing, and the defendants were sued, as partners. The proposed amendment did not change the character of the suit, or of the cause of action, on which alone it can be prosecuted. The court erred in refusing to allow it. *Farrow* v. *Bragg*, 30 Ala. 261; *Watts* v. *Womack*, 44 Ala. 605.

4. The amendment of the complaint should have been allowed. The only limit of the right of amendment, and the duty of the court in granting it, is, that there must not be a change in the form of action, or the substitution of a new cause of action, or an entire change of parties, plaintiff or defendant. *Crimm* v. *Crawford*, 29 Ala. 623; *Agee* v. *Williams*, 30 Ala. 636; *Smith* v. *Plank Road Co.* Ib. 650. The amendment proposed no change of parties, and no change of the cause of action originally averred. A debt due the partnership of Sims, Harrison & Co. from the partnership of Jacobson & Co. must have been proved under the original, and must be proved under the amended complaint. The partnerships and their members were substantially before the court on the complaint as originally framed. A new party has not been introduced, which is unauthorized by our statute of amendments; but the designation of the respective parties, plaintiff and defendant, is only made more specific and certain. The amendment was proper — was the right of the plaintiffs, and the court erred in refusing it. *Godbold* v. *Blair & Co.* 27 Ala. 592; *Lewis* v. *Locke*, 41 Verm. 11.

[Pepper v. George.]

5. The plea in abatement setting up the defendant's petition in bankruptcy, and the adjudication in bankruptcy, subsequent to the issue and levy of the attachment, is a mere nullity. It furnishes no cause for abating or quashing the attachment. It may or not be ground for its dissolution, when properly presented by a proper party. The bankrupt law authorizes the judge of the court in which proceedings in bankruptcy are instituted, to convey to the assignee all the estate, real and personal, of the bankrupt, and declares that the effect of the assignment shall be to dissolve all attachments against the estate made within four months next preceding the commencement of the proceedings. Bank. Law, § 14; Bump on Bankruptcy, § 52. The assignment cannot, *ipso facto*, operate the dissolution of an attachment pending in a state court. The proceedings and assignment in bankruptcy must be made known to that court, before a judgment of dissolution of the attachment can be rendered. Until they are made known, there is nothing on which to predicate such judgment. Of consequence, the attachment is legal and valid until dissolved. Bump on Bankruptcy, 366 ; *In re Housberger*, 2 Bank. Reg. 92 ; *In re Fortune*, Ib. 662 ; *Kent* v. *Downing*, 44 Georgia, 116. The assignee in bankruptcy may intervene in the state court, and obtain an order dissolving the attachment. *Comer* v. *Mallory*, 31 Ind. 468; *Randell* v. *McClain*, 40 Ga. 162. The bankrupt cannot claim the dissolution. As to him, the lien of the attachment continues. His only right is, when final judgment is rendered, to interpose as a bar his discharge to a judgment operating against him personally. The right of the creditor is to a judgment so framed as to allow the bankrupt's discharge its full and legal operation, and condemning the property bound by the lien of the attachment to the satisfaction of his debt. *Peck* v. *Jenness*, 7 How. 612.

The judgment is reversed, and the cause remanded.