# The Birmingham Loan & Auction Company *v.* The First National Bank of Anniston.

*Suit by Garnishment on Judgment.*

1. *Amicus curiæ.*—An amicus curiæ is heard only by the leave, and for the assistance. of the court upon a case already before it; he has no control over the suit, and no right to institute proceedings thereon or to bring the case from one court to another by appeal or writ of error.

2. *Same—exception by*—An exception by an attorney of a party made as *amicus curiæ* to a ruling of the court cannot avail such party.

3. *Partnership name.*—Where one person carries on business under a partnership name, the reputed firm may be sued under such name and execution on the judgment so obtained will run against the partnership in name and be leviable on its property; the proceeding being, in nature, *in rem* and not *in personam*.

4. *Waiver of defects by failure to object in trial court.*— Where a party goes to trial on the merits without objection to any supposed defect in the proceedings of the lower court he cannot raise the point on appeal.

APPEAL from Birmingham City Court.

Tried before Hon. W. M. WILKERSON.

Plaintiff obtained a judgment against one A. Goetter for $100 in a justice of the peace court. On this judgment the plaintiff sued out a writ of garnishment, in which the Birmingham Loan & Auction Company, was named as garnishee. The answer of the garnishee, as reduced to writing by the justice of the peace before whom the answer was made, recited that the Birmingham Loan & Auction Company appeared by its manager, S. Kaufman, who, being duly sworn, denied any indebtedness to Goetter. The plaintiff contested this answer, and, on the trial of the contest before the justice of the peace, judgment was rendered against the garnishee for the amount of the judgment and costs. Appeal was taken from this judgment to the Birmingham City Court, and on the cause being called for trial, before the defendant announced "Ready," A. H. Benners, an attorney, as

[Birmingham Loan & Auction Co. v. First Nat. Bank of Anniston.]

*amicus curiæ*, moved the court to dismiss the cause "because the said garnishee is a fictitious person;" the Birmingham Loan & Auction Company being neither an individual, partnership, nor corporation. It was proven, on the testimony of one Umbenhauer, that he was an employe of S. Kaufman, and was during the time covered by the garnishment; that during such time the Birmingham Loan & Auction Company was the name under which S. Kaufman did business; that he had no partners; and that the Birmingham Loan & Auction Company was not a corporation. The court overruled this motion, and the said A. H. Benners, as *amicus curiæ*, excepted to the ruling of the court. On the trial of the cause, proof was made by plaintiff of notice to A. H. Benners, as attorney of record for the Birmingham Loan & Auction Company, to produce its books of accounts in evidence, and, the same not being produced, the plaintiff introduced one W. T. Poe, who testified that this cause was first tried before him as justice of the peace; that he knew said Goetter, and that he worked for the Birmingham Loan & Auction Company during the time covered by the garnishment; that, upon notice by plaintiff to the Birmingham Loan & Auction Company, its books were produced in evidence on the trial before him, said Poe, and upon examination of the same they showed an account with A. Goetter, in which entries were made, showing that, during the time covered by the garnishment, the said Goetter had been paid by the Birmingham Loan & Auction Company $400. The garnishee objected to the witness testifying as to the contents of the books on the ground that it "was secondary evidence, and no witness had been subpœnæd *duces tecum* to produce the books, and because it was oral evidence of garnishee's answer, which was in writing, and which would appear in the written transcript of the justice of the peace court." This objection was overruled, and the garnishee duly excepted. This being all the evidence, the court, hearing the cause without the intervention of a jury, rendered judgment for the plaintiff, to which ruling of the court the garnishee duly excepted.

A. H. BENNERS, for the appellant.

A. E. BARNETT, for the appellee.

HARALSON, J.—1. An *amicus curiæ*, in practice, is one who, as a stander by, when a judge is doubtful or mistaken in a matter of law, may inform the court. Bouv. Dic. "He

VOL. C.

[Birmingham Loan & Auction Co. v. First Nat. Bank of Anniston.]

is heard only by leave and for the assistance of the court, upon a case already before it. He has no control over the suit and no right to institute proceedings thereon, or to bring the case from one court to another by appeal or writ of error.—*Martin v. Tapley*, 119 Mass. 116; Lawson's Rights & Remedies, p. and sec. 150.

2. The attorney for the garnishee, as *amicus curiæ*, moved to dismiss the suit, on the ground that it was a fictitious one, and the garnishee was a fictitious person. The court overruled the motion, and as *amicus curiæ*, the attorney excepted. The garnishee, against whom judgment was rendered, assigns this ruling as error.

The *amicus curiæ*, in making this motion, was acting in the interest of his client, to aid him, more than to rescue the court from doubt and mistake; but, conceding his friendliness to the court to have been disinterested, after his motion was overruled, his friendly offices were at an end. He had no interest which authorized him to except to the ruling of the court, on his motion, nor can the garnishee, in this court, assign that ruling as error. Not having made the motion, and not having complained of the court's action on the motion, the ruling is not available on error to the garnishee.—*Eslava v. Farley*, 72 Ala. 214.

3. The name of the Birmingham Loan & Auction Company fairly imports a partnership.—*Clarke v. Jones*, 87 Ala. 474; *Seymour v. Thomas-Harrow Co.*, 81 Ala. 250.

The proof showed that S. Kaufman, during the time covered by the garnishment writ, did business under that name. The name of a firm or partnership ordinarily implies more than one person, but still the name under which one person does business is arbitrary, and if he uses a name that implies a partnership, the reputed firm may be sued under such name, and execution on the judgment obtained, will run against the partnership in name, leviable only on its property, being in the nature of a proceeding *in rem* and not *in personam*.—*Le Grand v. Eufaula National Bank*, 81 Ala. 123; *Moore v. Watts & Sons*, 81 Ala. 161; *Youngblood v. Pugh*, 69 Ala. 269; Code, § 2605.

4. The garnishee filed an answer, by S. Kaufman, manager, denying any indebtedness, which answer was contested by plaintiff, setting out several grounds wherein it was alleged to be untrue. On these, the garnishee took issue. It executed an appeal bond from the justice's to the city court, and appeared by attorney. Having gone to trial on the merits, without having taken objection to any supposed defect in the lower court, the garnishee waived it, and cannot raise

[Tennessee Coal, Iron & R. R. Co. v. Hamilton.]

the point, first, here.—*Hazard v. Franklin,* garnishee, 2 Ala. 349; *Marston v. Carr,* 16 Ala. 325; *Ortez v. Jewett,* 23 Ala. 662; *Ware v. St. Louis B. Co.,* 47 Ala. 667 ; *Le Grand v. Eufaula N. B. supra. Moore v. Watts & Sons, supra.*

5. The. attempt to evade liability as a garnishee, in this instance, was extremely technical, too much so for justice to close her eyes against. Kaufman who did business under this assumed name, made oath, as manager of garnishee —the proof showing that he was the firm—that his company owed the judgment debtor nothing, was not indebted to him at the date of the service of garnishment, had never paid him any money, and yet admitted that he was working in the store of the company; and the proof tended to show, that the debtor was paid by Kaufman in that time over $400. The finding of the court that the answer was untrue was correct. This case is clearly distinguishable from *Ex parte Collins,* 49 Ala. 69.

The only ground of error insisted on in argument ,is the one that the defendant was a fictitious person.

There is no error in the record and the judgment is Affirmed.