(103 So. 845)

**UNION INS. SOC. OF CANTON, Limited, v. SUDDUTH et al.  (6 Div. 151.)**

(Supreme Court of Alabama.   March 19, 1925. Rehearing Denied April 23, 1925.)

**1. Insurance 629(1)—Complaint held not demurrable for failure to allege whether insurer was a corporation or partnership.**

In action on fire policies in which insurer was sued by name signed to policies, complaint *held* not demurrable for failure to allege whether insurer was a corporation or partnership, in view of Code 1923, §§ 5722, 7665.

**2. Insurance 624(1)—Suit must be brought in name of beneficial owner.**

Policy of fire insurance, after loss is fixed, becomes a contract for payment of money under Code 1923, § 5699, and suit must be brought in name of beneficial owner.

**3. Insurance 115(6)—Conditional sellers of truck indorsing purchaser's notes had insurable interest, for protection against liability as indorsers.**

Conditional sellers of truck indorsing purchaser's notes to bank, *held* to have an insurable interest by way of protection aginst liability as indorsers.

**4. Insurance 629(1)—Allegation held to show that plaintiffs were beneficial owners of policy sued on.**

In action on fire policy on truck sold, by conditional sellers, who had indorsed purchaser's notes to bank, allegation that amount of debt was the loss to plaintiffs *held* to show that plaintiffs were still beneficial owners of policy.

**5. Insurance 662(1)—Proofs of loss admissible to show false proofs by plaintiffs, although not signed by plaintiffs.**

In conditional sellers' action on fire policy on truck sold, to show false statements in proof of loss by plaintiffs, sworn proofs of loss were admissible, although signed, not by plaintiffs but by purchaser, where filled out by member of plaintiff's firm who had knowledge of facts stated and made out to be used and being used by plaintiffs as proof of their own loss, and the fact that, in response to a demand for further information, plaintiffs disclosed further facts, would not render such proofs innocuous, but would go to jury on plaintiff's intent to deceive.

**6. Insurance 655(1)—Contracts of sale held admissible under pleas that representations that trucks were new were false.**

In action on fire policy on trucks, contracts evidencing prior sales of such trucks to other parties admitted to be genuine were admissible, under pleas that insured's representations that trucks were new were false.

**7. Evidence 508—Person with expert knowledge of trucks might testify that truck destroyed by fire was practically new.**

Person shown to have expert knowledge as a user and dealer in trucks, and to have knowledge of truck destroyed by fire, might testify that truck was "practically new," and statement was not objectionable as a conclusion.

**8. Insurance 645(3)—Proof of plaintiffs' "fire record" with other insurance companies held properly rejected.**

In action on fire policy in which plaintiffs were not charged with responsibility of fire causing injury, proof of their "fire record" with other insurance companies *held* properly rejected.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action on fire insurance policies by E. W. Sudduth and H. L. Sudduth, doing business as Sudduth Bros., against the Union Insurance Society of Canton, Limited. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lange & Simpson, of Birmingham, for appellant.

The complaint was demurrable for failure to show the character in which defendant was sued. Code 1907, § 3446. Proof of plaintiffs' fire record should have been permitted. 9 R. C. L. 1295; Miller v. State, 88 Tex. Cr. R. 69, 225 S. W. 379, 12 A. L. R. 597. Counsel discuss other questions, but without citing additional authorities.

Black & Harris, of Birmingham, for appellees.

The complaint sufficiently described the defendant. Cassells' Mill v. Strater, 166 Ala. 274, 51 So. 969. The objection should have been by plea. A. B. & A. v. McGill, 184 Ala. 562, 63 So. 1009; Freeman v. Pullen, 119 Ala. 235, 24 So. 57. When there is no moral fraud, a representation, although false, does not avoid the policy. Delaware Ins. Co. v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867; M. & M. Ins. Co., v. Zeitinger, 168 Ill. 286, 48 N. E. 179, 61 Am. St. Rep. 105. A mortgagee, who transfers the mortgage note and indorses it, still has an insurable interest in the mortgaged property. 1 Cooley's Briefs, 156; 26 C. J. 30; Phenix Ins. Co. v. Omaha L. & T. Co., 41 Neb. 834, 60 N. W. 133, 25 L. R. A. 679; Williams v. Roger Williams Ins. Co., 107 Mass. 377, 9 Am. Rep. 41; Mahoney v. State Ins., 133 Iowa, 570, 110 N. W. 1041, 9 L. R. A. (N. S.) 490; Key v. Continental Ins. Co., 101 Mo. App. 344, 74 S. W. 162.

BOULDIN, J. [1] The action is based upon four policies of fire insurance, issued by the defendant upon automobile trucks. A separate policy was issued upon each truck, and the claim for loss thereon is presented in separate counts. The defendant is sued as "Union Insurance Society of Canton, Limited," the name signed to the policies. The demurrer takes the point that the complaint does not show the character in which defendant is sued, nor that it is a proper legal entity to be made a party to a suit. Error is assigned on overruling this demurrer. The question is thus raised, whether the complaint, when challenged by demurrer must allege that the defendant is a corporation or a partnership.

In Cassells' Mill v. Strater Bros. Grain Co., 166 Ala. 274, 282, 51 So. 969, 972, it was said:

"It was not necessary for the plaintiff to sue the defendants as partners or as a corporation; they can be sued as individuals, or as partners, if they are partners. The complaint does not attempt to declare against them either as partners or as corporators. There is nothing in the complaint or in the evidence to show that this was necessary. The defendants are in a better position to know whether they are individuals, partnerships, or corporations, than the plaintiff. The character in which they do business would come better from them in the form of a plea, than in that of a demurrer."

From the report of this case it does not seem entirely clear how the defendants were styled in the complaint. An examination of the original record shows defendants were sued as "Cassells' Mill and T. M. Cassells." The demurrer took the point that it was not shown whether Cassells' Mill was an individual, a corporation, or a partnership. The case appears to be in point here.

Our statutes have wrought several changes in the right of action against a partnership as such, and as to pleading and burden of proof in actions against both partnerships and corporations. A partnership may be sued under its partnership name, summons be served on any partner, and the judgment binds the partnership property only. Code 1923, § 5722. This statute makes no change in the form of action by a partnership. The complaint, in such case, must set out the names of the partners. The names need not be set out in a suit against the firm, seeking no judgment against the partners, individually. Sims, Harrison & Co. v. Jacobson & Co., 51 Ala. 186.

In a suit by or against a corporation or a partnership, the existence of same need not be proven, unless denied by sworn plea. Code 1923, § 7665.

The primary purpose of naming the parties is identification—certainty as to the party suing or being sued. Stephens on Pleading (Tyler's Ed.) p. 284.

The defendant must be so informed as to give opportunity to defend, and to be able to present his appropriate defense. The judgment or decree must show against whom and whose property it operates.

The nature of the suit may render it essential to show whether it grew out of partnership or corporate relations, as in actions between partners or between stockholders and officers of a corporation. Where, as in Alabama, each is sued upon its contracts in its common name, where the plea raising the issue of its existence is the same, where the execution runs against the company property only, it is difficult to see wherein injury can result from suit in the name by which it operates and does business.

In 4 Fletcher's Cyclopedia Corporations, § 3042, it is said:

"Pleading the name of the corporation is one thing and pleading that it is a corporation is quite another. The first identifies the party; the second ascribes a legal character or capacity to it. The first is essential. The second may not be. As previously stated, it depends on whether the incorporate character of the party is essential in the cause of action, and also whether capacity to sue or defend must affirmatively appear. And even in those states which originally held that the allegation of the corporate character was necessary for one of the reasons just stated, statutes have sometimes dispensed with the necessity or relieved plaintiff from the burden of proving incorpora-

tion unless an affirmative denial was put in with such verification as might be required. * * * The general rule in the majority of states is that the allegation is not a necessary one in ordinary actions on contract or tort by or against third persons, and does not inhere in the cause of action."

See Seymour v. Thomas Harrow Co., 81 Ala. 250, 252, 1 So. 45; Head v. Robinson, 191 Ala. 353, 67 So. 976.

As stated in Cassells' Mill v. Strater Bros. Grain Co., supra, the nature of the business organization under which defendant operates is within its own knowledge. It may be difficult, in these days, for the plaintiff to ascertain the facts before bringing suit. The names used in modern business often afford little suggestion as to form of organization. Dealing with companies organized under the laws of other states or foreign countries, we cannot assume the word "Limited" implies a partnership. There is therefore reason for the rule laid down in the above case that if the defendant has any defense by reason of the nature of its business organization, it should be set up by plea. We are not constrained to overrule Cassells' Mill v. Strater Bros. Grain Co., and so hold there was no error in overruling the demurrer on the ground stated.

The rule is different where the corporation or partnership is plaintiff.

[2-4] The demurrer to the complaint further challenged the right of the plaintiffs, Sudduth Bros., to maintain the suit, upon the ground that it affirmatively appears the American Trust & Savings Bank is the proper party in interest to maintain the suit.

The policies are made exhibits to the several counts of the complaint. The "name of assured" therein is "L. T. & H. W. Lavender &/or Sudduth Brothers."

Under the "Incumbrance" clause, except in one policy, is named: "Sudduth Bros., as their interest may appear."

Count C avers:

"Plaintiffs further allege that at the time of said covenant of insurance being made and at the time of said fire, the plaintiffs were the owners of an insurable interest in said truck, which interest arose and was as follows:

"On, to wit, July 25, 1922, H. W. and L. T. Lavender entered into a conditional sale contract with plaintiffs herein covering said truck described in said policy of insurance, and did execute twelve promissory notes in amount and payable as follows: [Here notes are listed.] For which notes said conditional sale contract was executed as security, and which notes the plaintiffs transferred to the American Trust & Savings Bank, a corporation, and did indorse the same, become liable for the payment thereof, and plaintiffs further allege that there is unpaid on said notes the sum of $1,523.58, which sum is the loss to the plaintiffs by reason of said fire and breach of contract on the part of the defendant."

The other counts are to like effect.

Actions upon contracts for the payment of money, other than commercial paper, must be prosecuted in the name of the party really interested. Code 1923, § 5699.

A policy of fire insurance, after loss is fixed, becomes a contract for payment of money under this statute, and suit must be brought in the name of the beneficial owner, —the person entitled to receive the money in his own right. Capital City Insurance Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am. St. Rep. 152; Norwich Union Fire Ins. Co. v. Prude, 145 Ala. 297, 40 So. 322, 8 Ann. Cas. 121.

Under the averments of the complaint, the interest of Sudduth Bros. in the policies was that of mortgagee or creditor. Upon the indorsement of the notes to the bank, the security of the mortgage also passed. The insurance, standing in lieu of the mortgaged property in case of loss, would, in the ordinary course of dealing, also pass to the bank, as the owner of the debt secured by the policy. Construed most strongly, against the pleader, the complaint showing assignment of the secured debt would, without more, import the beneficial ownership of the policy in the bank.

However, a mortgagee, who indorses the notes evidencing the secured debt, still has an insurable interest by way of protection against his liability as indorser, and may hold the policy for such purpose. Cooley's Briefs, vol. 1, p. 56; Williams v. Roger Williams Ins. Co., 107 Mass. 377, 9 Am. Rep. 41; Phœnix Ins. Co. v. Omaha Loan & Trust Co., 41 Neb. 834, 60 N. W. 133; 25 L. R. A. 679; Mahoney v. State Ins. Co., 133 Iowa, 570, 110 N. W. 1041, 9 L. R. A. (N. S.) 490; Key v. Continental Ins. Co., 101 Mo. App. 344, 74 S. W. 162; 26 C. J. p. 30, § 12.

In such case the complaint must show the plaintiff is still the beneficial owner of the policy under our statutes. This, we think, is sufficiently shown by the averment that the amount of the debt "is the loss to plaintiffs."

There was no error in overruling the demurrer on this point.

[5] Plea 20 is based upon the forfeiture clause for "fraud, attempted fraud, or false swearing by the assured touching any matter relating to this insurance or the subject thereof, either before or after a loss." The breach alleged is that the sworn proof of loss submitted by plaintiffs contained a false statement that the truck was purchased "new, demonstrator," from Sudduth; that the statement was made with knowledge of its falsity, and with intent to deceive.

Plea 21 sets up the same clause, laying the breach to a false statement of the amount of the cash payment made on the truck at the time of its purchase.

In support of these pleas, defendant of-

fered the sworn proofs of loss. The court ruled:

"I won't allow it to go in as the proof of loss; it is the proof of loss of Lavender Bros. and not of Sudduth Bros.; and I don't think it is binding on Sudduth Bros."

True, the proof was signed by Lavender, but the evidence tends to show that it was filled out by E. W. Sudduth, of plaintiff firm; that he had knowledge of the past sales and use of the trucks; knowledge of the amount of cash payments made thereon; and that it was made out to be used and was used by plaintiffs as proof of their own loss. There was further evidence tending to show the falsity of the statement as set up in both pleas. Under these tendencies of the evidence, the proof should have been admitted in support of the pleas. If plaintiffs knowingly joined in preparing a false statement, and used it as their own, it became theirs, and has the same effect as if signed by them.

The fact that, in response to a later demand for further information, the plaintiffs disclosed further facts, would not render these proofs innocuous, but would go to the jury on the question of intent to deceive. The clause in the policy has the just purpose of assuring honesty and fair dealing in making the claim for loss, matters peculiarly within the knowledge of the assured especially after a loss has occurred. 26 C. J. p. 382, §§ 492, 493.

[6] Pleas 10½ and 13 are based on misrepresentation that the trucks were "new" when purchased by the assured, and plea 14, that the truck was "new and used only as a demonstrator."

The contracts evidencing prior sales of these trucks by plaintiffs to other parties, admitted to be genuine, were corroborative of other evidence offered touching the sales and prior use of the trucks, and should have been admitted under these pleas.

[7] A person shown to have expert knowledge as a user and dealer in trucks, and to have knowledge of the truck under inquiry, may testify that the truck was "practically new." The statement is not objectionable because matter of opinion, when given by an expert, and is a statement of collective fact, rather than a mere conclusion.

[8] There was no issue in the pleadings charging plaintiffs with responsibility for the fire causing the injury, and the proffered evidence of their "fire record" with other insurance companies was improper and rightly rejected upon that ground, if for no other.

What we have said will furnish sufficient guide on another trial, and we deem it unnecessary to deal specially with other assignments of error. (Former opinion withdrawn, and this opinion on rehearing adopted.)

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.