(128 So. 130)

## SOUTHSIDE BANK v. BIRMINGHAM TRUTH.

### 6 Div. 583.

Supreme Court of Alabama.

April 17, 1930.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellant.

McCollough & McCullough, of Birmingham, for appellee.

THOMAS, J.

The assignment of errors, among other things, challenges the action of the trial court in permitting amendment to the name of plaintiff employing the words "a corporation." The complaint was filed October 3, 1928, and the amendment allowed March 25, 1929.

The statute allowing amendments is section 9513, Code. In Barksdale v. Strickland & Hazard (Ala. Sup.) 124 So. 234,[1] it was declared, "Capacity to sue and corporate existence, if necessary, will be intended, where action is brought in name fairly importing corporate character" (Moore v. Martin & Hoyt Co., 124 Ala. 291, 27 So. 252; Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45), and will not work an entire change of parties (Richardson v. Hopkins, 218 Ala.

[1] 220 Ala. 86.

280, 118 So. 465). It is not necessary to consider the general authorities cited by appellant. There was no error in ruling on motions and objections as to the amendment allowed.

The inquiry as to forgeries in the personal account of Wheeler is beside the issue of indebtedness vel non of defendant to plaintiff. The witness was later allowed to testify that at the time plaintiff came to the bank and mentioned to Mr. Elliott, its executive officer, about the two checks (the $48 voucher which she had and the $100 voucher which she did not have), "I (witness Collins) discussed with her and Mr. Elliott at that time about the alleged forgeries of Clifford Wheeler," and questioned plaintiff's official Blevins as to the whereabouts of Clifford W. Wheeler, because as witness "saw it, Clifford W. Wheeler had gotten away with the hundred dollars in question"; that witness explained to her (Fannie C. Blevins) "that he had gotten away with it—he was transacting all of her business and had been bringing checks in the bank there all the time that she was out of town." The witness then stated: "No, I didn't have the check" (for the $100). "Naturally if there had been a check forged on that fund I would have had it, or the check would have gone out with her statement." The witness (Collins) further stated: "No, I didn't have charge of the deposits, but I was in close touch with it. Yes, sir, I did deny the validity of the deposits. I don't remember the plaintiff saying to me and Mr. Elliott, according to the bank's statement, if then you say that these deposits are forgeries, your own statement here shows that I am due another hundred dollars, and if you say I have no way to prove it, if you will give me a hundred dollars, which your own statement shows you owe us, we will be satisfied. I won't deny it, but I don't remember it."

We find no reversible error in confining the inquiry of fact to the instant account, and not extend same by the witness Collins to the individual account of plaintiff's former agent and any alleged forgeries discovered therein. Such evidence did not show, or tend to show, that said plaintiff's servant stole the $100 by its withdrawal on forged check. This evidence may have become relevant had Wheeler been a witness, but such was not the fact. Caughlan v. State, 22 Ala. App. 220, 114 So. 280.

The rules of motion for newly discovered evidence are well understood and need not be repeated. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

There was no motion for a continuance or no legal steps taken to postpone the trial as the circumstances of the particular case required, to procure the evidence so lately discovered. Fries v. Acme White Lead &

Color Works, supra; Geter v. Central Coal Co., 149 Ala. 578, 43 So. 367; Southern Ry. Co. v. Dickens, 149 Ala. 651, 43 So. 121; Hoskins v. Hight, 95 Ala. 284, 11 So. 253. The latter case followed this requirement or corollary of the rule. Gilbreath v. Bain, 212 Ala. 100, 101 So. 762; Fulwider v. Jacob, ante, p. 124, 127 So. 818.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.