171 So. 906

SHEPHERD et al. v. BIRMINGHAM TRUST & SAVINGS CO.

6 Div. 20.

Supreme Court of Alabama.

Jan. 7, 1937.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

BROWN, Justice.

The rules of good pleading in equity require that the complainant must plead his character and capacity to sue, as well as his right to invoke the jurisdiction of the court in granting him relief. Shipman on Equity Pleading (pages 183, 184) observes: "The second part of the bill is called the 'introduction.' It immediately follows the address to the court, and must contain a correct designation and description of all persons appearing as complainants, giving their names, places of abode, the character in which they sue, if they sue in autre droit, and such other description as may be necessary and proper to found the jurisdiction of the court. These statements are material, both to fix the identity of the parties and to enable the defendant to resort to the complainant for the payment of costs, or compliance with any other order which may be made during the progress of the cause."

Sims, Chancery Practice (§ 197, pp. 122, 123) observes: "Next, assuming that the plaintiff sufficiently sets forth his title or interest in the subject-matter, he must set forth the facts which show a right in him to bring it before the court. Thus a cestui que trust, seeking to enforce his rights as a beneficiary, must allege that the trustee has refused to sue, and that he is therefore compelled to bring the suit in his own name; and a stockholder suing to enforce a corporate claim must show that the directors have refused to bring suit in the name of the corporation. And it is held that a foreign corporation seeking to enforce a contract or foreclose a mortgage, must allege that it has complied with the constitutional and statutory provisions authorizing it to do business in Alabama." Sullivan, Receiver, etc., v. Vernon et al., 121 Ala. 393, 25 So. 600.

Prior to the enactment conferring on "unincorporated organizations or associations" the right to sue in a special class of cases (Acts 1921, p. 14, Code 1923, §§ 5723, 5724), only persons, natural or artificial, individuals or corporations, could bring a suit in a judicial tribunal. As was observed in

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for appellants.

Moore & McGee v. Burns & Co., 60 Ala. 269, 270, "It is for the trial and decision of causes for or between such persons only, that the tribunal is constituted, and as they become subject to its jurisdiction in such suits, the court must be informed who they are, upon or against whom its judgments and orders are to operate or be enforced."

▪▪ Prior to the enactment of the statute, now section 7665 of the Code, it was incumbent on associations of persons such as partnerships to not only plead, but prove, their character and capacity to sue—who constituted such association, etc.; and it is only when they so plead that the statute, in the absence of special plea in abatement, relieves them of such burden of proof. Ware, Adm'r, v. St. Louis Bagging & Rope Company, 47 Ala. 667, 674; Lanford v. Patton Donegan & Co., 44 Ala. 584. On the other hand, if the moving party pleads his character and capacity to sue, and this is not denied by sworn plea, as required by the statute, the facts so pleaded are confessions on the record, and the adverse party is estopped to contest on that ground. Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464.

▪ The name in which the complainant in this case sues "does not ex vi terminorum, import that the" complainant "is a corporation, rather than" a partnership or "an unincorporated organization or association," and there is no presumption in its favor that it is one or the other. Clark v. Jones & Brother, 87 Ala. 474, 6 So. 362; Birmingham Loan & Auction Company v. First National Bank of Anniston, 100 Ala. 249, 13 So. 945, 46 Am.St.Rep. 45; Roach v. McDonald, 187 Ala. 64, 65 So. 823.

▪ If it is such "unincorporated organization or association," as is authorized by section 5723 of the Code, then it does not state a cause of action within that statute. Code 1923, § 5724. If it is a partnership, it does not disclose the name of the individuals composing it, nor does it show any right to administer the trust created by the last will of said William D. Jelks; that right being conferred on "Birmingham Trust & Savings Company, a corporation."

▪ While there is some conflict in the general authorities, we are of opinion that the better view, and the one conducive to certainty to a common intent in pleading, is that if, construing the averments of the bill most strongly against the pleader, it is uncertain in what capacity the complainant sues, the bill is subject to demurrer. 5 Enc. Pl. & Pr. p. 73; Union Ins. Soc. of Canton, Limited, v. Sudduth et al., 212 Ala. 649, 103 So. 845.

▪ The statements in the bill that "the designation 'Trustee' above refers to complainant" and "same passed to complainant under the above quoted provisions of the will" are more in the form of pleader's conclusions than an averment of fact, and are not sufficient to meet the ground of demurrer that the bill does not aver that the complainant is a corporation. The bill in this case is not aided by judicial knowledge as is the bill in Adler et al. v. First National Bank of Birmingham, as Trustee (Ala. Sup.) 171 So. 904; State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211.

▪ We have not overlooked the dictum in the opinion of the court in Seymour & Sons v. Thomas Harrow Company, 81 Ala. 250, 252, 1 So. 45, 46, to the effect that "As the complaint does not show that the plaintiff is not a corporation, and incapacity to sue does not appear on its face, it is not subject to demurrer founded on such objection." That question was not involved on that appeal, which was from a judgment by default. We have numerous cases holding that on appeal by the defendant, where the name of the plaintiff may fairly import corporate character, and the capacity to sue is not put in issue in the trial court, the capacity to sue and corporate existence will be intended if this is necessary to sustain the judgment. Barksdale et al. v. Strickland & Hazard, 220 Ala. 86, 124 So. 234; Southside Bank v. Birmingham Truth, 221 Ala. 143, 128 So. 130.

Here, however, on demurrer, the intendment is resolved against the pleader, and, when so resolved, uncertainty and lack of capacity to sue appear on the face of the bill. Farrior v. New England Mortgage Security Co., 88 Ala. 275, 7 So. 200.

▪ Ground (d) of the demurrer was well taken. The averment that the mortgage and notes "were duly transferred and assigned on December 15, 1927, by the said Wilmert H. Carroll to Wm. D. Jelks, *as shown by transfer recorded in the Probate Office of Jefferson County,*" when construed most strongly against the pleader, is not an affirmative averment that said mortgage and notes were duly transferred so as to vest in said Jelks the title or property in said *chose in action,* but that they appear to

have been so transferred by reference to said recorded assignment, which might be efficacious or not to vest such title. (Italics supplied.)

Inasmuch as the case must be reversed, we venture the suggestion that, if the transfer from Carroll to Jelks was not efficacious to vest in Jelks the legal title to the land, then the mortgagee Carroll is a necessary party. Langley v. Andrews, Adm'r, etc., 132 Ala. 147, 31 So. 469; Federal Land Bank of New Orleans et al. v. Branscomb, 213 Ala. 567, 105 So. 585. If the transfer did contain apt words of conveyance, and was executed and acknowledged in such sort as to vest the legal title of the land in Jelks, then the heirs at law of Jelks are necessary parties to the bill. Silverstein et al. v. First Nat. Bank of Birmingham, 231 Ala. 565, 165 So. 827.

The other questions presented in argument are decided adversely to appellants in the Silverstein Case, supra.

The defendants' demurrer was well taken and was due to be sustained. For the error committed in overruling the demurrer, the decree appealed from is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

Supreme Court of Alabama.

Jan. 7, 1937.

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for appellants.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.