185 So. 178

**LEEDS LODGE NO. 446, A. F. & A. M. v. WHITMIRE.**

**6 Div. 387.**

Supreme Court of Alabama.

Dec. 8, 1938.

W. L. Acuff, of Ashville, for appellant.

Monette, Taylor & Jeffrey, of Birmingham, for appellee.

ANDERSON, Chief Justice.

The respondent was sued and described by the name in which it executed the mortgage or deed of trust and the bill was not subject to the demurrer for failure of further description, that is, whether corporation, partnership or unincorporated association. Union Ins. Soc. of Canton, Limited, v. Sudduth, 212 Ala. 649, 103 So. 845.

The case of Shepherd v. Birmingham Trust & Savings Co., 233 Ala. 320, 171 So. 906, is not in conflict as it was dealing with the necessity for describing the plaintiff and not the defendant and the opinion in the Sudduth Case, supra, expressly states [page 847]: "The rule is different where the corporation or partnership is plaintiff." There was no error in overruling the grounds of demurrer questioning the failure to further describe or designate the respondent.

It is next urged that the bill does not show a legal appointment of Whitmire to succeed Bell, the original trustee. It is manifest that the mortgage or trust deed contemplated that a majority of the outstanding bondholders should name a succeeding trustee when a vacancy occurred, that is whether Bell resigned or was removed by the trustees or by death.

The bill and exhibits also disclose that the foreclosure was requested by a majority of holders of the outstanding bonds. Moreover, the bill charges that all of the bonds were past due when the same was filed and the acceleration clause in the trust deed was of no moment and the trustee no doubt had the right to proceed in equity to foreclose whether requested to do so or not.

The bill and exhibits also disclose full authority for the issuance of the bonds and the making of the deed of trust to secure same.

There is no merit in the demurrer questioning the failure of the respondent Lodge to have signed the bonds as this suit is based on the deed of trust and not upon the bonds, and it plainly appears that the bonds were authorized by the Lodge for its benefit for funds to be procured and used in the erection of its lodge and the execution of the deed of trust was authorized and executed by respondent.

We think the insistence that the deed of trust required a majority of the bondholders as based upon the bonds secured instead of a majority of the holders of the outstanding bonds is too literal, and that the meaning is that the action of a majority is based on the live subsisting bonds outstanding, and that bonds that had not been sold or which were withdrawn or reclaimed did not operate as a claim or charge and were not to be included in ascertaining a majority.

The trial court did not err in overruling the demurrer to the bill, and the decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.