# Seymour & Sons *v.* The Thomas Harrow Company.

## *Action on Promissory Note.*

1. *Sufficiency of complaint, in action by corporation or partnership.*—In an action by a partnership, the complaint should set out the names of the individual partners; but in an action by a corporation, an averment of plaintiff's corporate existence is not necessary; and where the action is brought in the name of the payee of a note, which is an appropriate name for a corporation—as, "the Thomas Harrow Company"—and its corporate character is not denied, the complaint is sufficient to sustain a judgment by default.

2. *Amendment of judgment, pending appeal.*—A judgment may be amended at a subsequent term, *nunc pro tunc*, pending an appeal from it; and the amendment being properly certified to the court, it will relate back to the rendition of the original judgment, and prevent a reversal.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

This was an action by the appellee, "The Thomas Harrow Company," against the appellants, I. Seymour, A. I. Seymour and William I. Seymour, partners under the name of I. Seymour & Sons, on a promissory note. In the body of the complaint, and in the judgment-entry, appellee is referred to as the "plaintiffs."

It is not averred in the complaint, that the plaintiff is a corporation, and there is no averment therein as to waiver of exemptions by the defendants in the note sued on. On the writ was an endorsement of acceptance of service, signed "I. Seymour & Sons, per A. I. S." On March 18, 1886, judgment by default was rendered in favor of the plaintiff against the defendants, and the judgment recites, that "service of process had been shown," and that "in the note sued on the defendants respectively waived their right of exemptions as to personal property, which waiver was mentioned in plaintiff's complaint," and concludes with an order, that the clerk endorse said waiver on the execution. On Sept. 25, 1886, after an appeal from said judgment had been taken to this court and pending said appeal, the court rendered a judgment *nunc pro tunc*, amending the original judgment, by striking out the above recitals and order and inserting a recital, that "acknowledgment of service on said complaint had been proven in open court." This judgment *nunc pro tunc* was certified to this court under writ of *certiorari*.

[Seymour & Sons v. The Thomas Harrow Company.]

J. H. McGUIRE, and DANIEL COLLIER, for appellants. 1. The appellees style themselves "*plaintiffs*" in their complaint, and are so styled by the court in the judgment. A corporation is a body, not *bodies*.—1 Bouv. 367 ; 1 Brick. Dig. 401, § 1. In the absence of proof, it will be presumed, that "plaintiffs" are *natural* persons and a partnership. 1 Green. Ev. 41. Pleadings must be construed most strongly against the pleader.—2 Brick. Dig. 332, § 32. In suits by a corporation, its corporate name and existence should be alleged.—1 Brick. Dig. 414, § 166 ; *Southern Life Ins. Co. v. Roberts*, 60 Ala. 431. In a suit by a partnership, the names of the partners should be stated, and the failure to do this in a judgment by default, nothing appearing in the proceedings by which an amendment could have been made, is a reversible error.—*Lanford v. Patton, Donegan & Co.*, 44 Ala. 584 ; *Reid & Co. v. McLeod*, 20 *Ib.* 576 ; 1 Chitty Pl. 256. Such omission is not cured by § 3158 of Code of 1876 ; see 44 Ala. 584, *supra.* 2. The endorsement of acceptance of service, shows only an attempted acknowledgment by *one partner*, which is insufficient to bind a firm as such, much less each individual partner. — *Ladiga Saw Mill Co. v. Smith*, 78 Ala. 108. 3. The amendment *nunc pro tunc* was of a matter of substance, not of a mere clerical misprision.— *Whorley v. Memphis & Charleston R. R. Co.*, 72 Ala. 20. The clerk made no mistake in the entry ; he entered up the *real judgment* of the court.—Freeman on Judgments, 540 ; *Herring v. Cheny, Smith & Co.*, 75 Ala. 376.

WATTS & SON, and NESMITH & SANFORD, *contra.*—1. It was not necessary to aver in the complaint, that the plaintiff was a corporation. If the defendants wished to show that plaintiff was not a corporate body, they should have appeared and pleaded ; the failure to do so was a waiver. *Union Mutual In. Co. v. Osgood*, 1 Duer. (N. Y.) 707; *Irving Nat. Bank v. Corbett*, 10 Abbott, 185 ; *Sayers v. First Nat. Bk.* 89 Ind. 230 ; *Mackenzie et al. v. The Board, &c.*, 72 Ind. 189 ; *The Indianapolis Seed Co. v. Harrell*, 53 Ind. 527 ; *The Muskeegum Mf'g. Co. v. Harris*, 4 Blk. 267 ; *Cicero Hygiene, &c. Co. v. Craighead*, 28 Ind. 274; *The N. W. Con. of A. v. Meyers*, 36 Ind. 375 ; *Stanley v. Richmond & Dan. R. R. Co.*, 89 N. C. 331; *The Young Men's Chris. Ass'n. v. Dubach*, 82 Mo. 475 ; 49 Iowa, 11 ; 63 *Ib.* 99. 2. The use of the plural, "plaintiffs," does not tend to show that appellee was not a corporation. The name, "The Thomas Harrow Company," imported a corporation.—*Mackenzie et al. v. The Board, &c., supra.* 3. The record brought up by *certiorari* shows, if not shown before, every fact necessary to establish

that defendants were properly in court. The *factum* of service may be proved at a subsequent term, and when the judgment is corrected *nunc pro tunc,* it relates to the time of the original judgment and prevents a reversal, although the correction is made after appeal to the Supreme Court. *Moore v. Horn,* 5 Ala. 234; *Ware v. Brewer,* 34 *Ib.* 114; *Harris v. Martin,* 39 *Ib.* 556; *Fontaine v. Cunningham,* 25 *Ib.* 644; *Farmer v. Wilson,* 33 *Ib.* 446. 4. The amendment *nunc pro tunc* was of a clerical misprision. The record must be read as if the judgment entry had been originally what it now appears to be by the return of the *certiorari.*

CLOPTON, J.—The appeal is taken from a judgment by default, rendered in a suit brought by appellee against appellants on a promissory note made by them, and payable to plaintiff, as it appears from the complaint. It is not averred, that the plaintiff is a corporation, or an unincorporated company, or a partnership. When a suit is brought by a partnership or an unincorporated company, the individual members are proper and necessary parties, and their names should be set forth in the complaint; but when the suit is by a corporation, it is unnecessary to aver the corporate existence of the plaintiff, or to prove it, unless put in issue by an appropriate plea. Counsel for appellants assume that the action is brought in the name of a partnership, and on this assumption insist, that as the record does not disclose the names of the individual members, the complaint is insufficient to support a judgment by default, on appeal. The assumption is unauthorized by anything appearing from the record, and should not be indulged for the purpose of reversing the judgment.

When the name of the plaintiff fairly imports either a partnership or an incorporated company, and the record is silent as to the character of the plaintiff, no presumption either way arises, and is not created by the mere use of the plural number. When an action is brought in a name appropriate for a corporation, or which may fairly import corporate character, and the capacity to sue is not put in issue, the capacity to sue, and corporate existence, if necessary, will be intended for the purposes of the suit. As the complaint does not show that the plaintiff is not a corporation, and incapacity to sue does not appear on its face, it is not subject to demurrer founded on such objection, and being sufficient on demurrer, will support a judgment by default on appeal.—*McKenzie v. Board of School Trustees,* 72 Ind. 189; *Union Mut. Ins. Co. v. Osgood,* 1 Duer, 707; *Stanley v. R. & D. R. R. Co.,* 89 N. C. 331.

[Jackson v. Tate, Muller & Witcher.]

During the pendency of the appeal, the judgment was amended, *nunc pro tunc*, in respect to proof of acknowledgment of service of process, and to the waiver of exemptions. Such amendment may be properly made at a subsequent term of the court, after an appeal has been taken, the purpose being to make the record speak the truth; and when properly certified to this court is before us for consideration, and relates back, and sustains the judgment. The defects and irregularities in the judgment entry, complained of, were remedied by the amendment.—*Cunningham v. Fountain*, 25 Ala. 644; *Ware v. Brewer*, 34 Ala. 114; *Harris v. Martin*, 39 Ala. 556.

Affirmed.

*Action on Promissory Note.*

