# Louisville & Nashville R. R. Co. v. Jones.

*Action for Damage to Goods in Transit.*

1. *Common Carriers—through bill of lading.*—Where goods are delivered to a carrier for transportation to a point beyond its own line under a through bill of lading, which stipulates against liability for injury beyond its own line, and the goods are in a damaged condition when delivered by the connecting carrier to the consignee, the presumption is that the receiving carrier delivered them to the connecting carrier in a damaged condition, and the presumption must be overcome before the consignor can recover for such damage from the receiving carrier.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

Action by Thomas Jones against the Louisville & Nashville Railroad Company for damages for a breach of duty, growing out of a contract entered into by plaintiff and defendant as a common carrier. There was judgment for plaintiff, and defendant appeals.

The breach of duty complained of was for the breaking of a stove, which the defendant railroad, as common carrier, had contracted to carry to a point of destination beyond its line, a station on the Georgia Pacific Railroad, the connect-

[Louisville & Nashville R. R. Co v. Jones.]

ing line. The defendant pleaded the general issue and a special plea, setting up that its liability ceased, under its contract with the plaintiff, when it had delivered safely the stove to the connecting carrier, and that it had so delivered the stove. Issue was joined on these pleas. The other facts are sufficiently stated in the opinion. The case was tried without the intervention of a jury, and upon the hearing of the evidence the court rendered judgment for the plaintiff.

HEWITT, WALKER & PORTER for the adpellant cited, *Montgomery & Eufaula Ry. Co. v. Culver*, 75 Ala. 587, which they distinguished from the case of *Ga. Pac. Ry. Co. v. Hughart*, 90 Ala. 36.

W. K. TERRY for the Appellee.—1. The burden of proof was on the defendant to sustain its plea, "that it delivered safely to the connecting carrier." *Ga. Pac. Ry. Co. v. Hughart*, 90 Ala. 36. 2. Defendant's servants delivered the goods to the Ga. Pacific Road, and the safe delivery *vel non* was in the knowledge of the defendant, and the failure of defendant to show safe delivery raises a presumption that would authorize a jury to conclude that it had not so delivered. *Warner v. Smith* (Or.) 30 Pacific Reporter 416; *Cooley v. Foltz*, 85 Mich. 47; *Sauer v. Oil Co.* 43 La. Annual 699; *Warner v. Litsinger* 45 Mo. App. 106; *Cortier v. Troy Lumber Co.* 28 N. E. 932. 3. Where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. 1 Greenleaf on Ev. sec. 79. 4. Non-delivery or delivery in bad condition, by the last of two connecting lines, is prima facie evidence of default in initial carrier. *Lindley v. R. & D. R. R. Co.* 9 Am. & Eng. Ry cases page 31. 5. In the absence of testimony showing where the damage occurred, a presumption is indulged against defendant sufficient to make out a prima facie case against it, and such presumption is a presumption of law arising from the stringent rules of the common law. *Laughlin v. Chicago & Northwestern Ry. Co.* 28 Wis. p. 204. 6. The difficulties, nay even impossibilities by which owners would be beset, if put to the task of ascertaining where their packages or boxes were broken in transit, are well known and illustrated, in the following cases. *Laughlin v. Ry. Co.* 28 Wis. 204. *Elmore v. Naugatuck Ry. Co.*, 23 Conn. 457, 482. *McDonald v. Western Ry Corporation* 34 N. Y. 497, 501-503. *Lock Co. v. R. R. Co.* (Sup Ct. N. H.) 10 Am. Law Reg., N. O. 260, 263.

[Louisville & Nashville R. R. Co. v. Jones.]

McCLELLAN, J.—Where goods are delivered to a common carrier for transportation to a point beyond its own lines under a through bill of lading, which, however, contains a stipulation exempting the receiving carrier from liability from loss or damage occurring beyond its own terminal, and the goods are not delivered to the consignee at all, the presumption of law is that they were lost by the receiving carrier, and he will be liable unless he can show that the consignment was safely delivered to the connecting carrier; the burden is on him in such case, and plaintiff having shown non-delivery by the discharging carrier is entitled to recover without more. *Ga. Pac. Ry. Co. v. Hughart*, 90 Ala. 36, and cases cited.

On the other hand, where upon such shipment and bill of lading the goods have been delivered by the connecting or final carrier to the consignee, or have been carried to the place of consignment for delivery, and are then in a *damaged condition*, the presumption of law is that they were delivered by the receiving to the connecting carrier in good condition, and that the damage occurred while they were in the possession of the delivering carrier; and, therefore, in an action against the receiving carrier for damages occasioned, not by the loss, destruction or non-delivery of the property but, by the injuries inflicted upon it at some time before delivery to the consignee, the presumption of safe delivery by the first to the second carrier must be overcome by evidence that the damage occurred before the shipment passed out of the possession of the first carrier; the burden in this latter case is upon the plaintiff, and unless he discharges it, he fails to make out his cause of action and must be cast. The presumption of law being that the delivering carrier has damaged the property in an action by the owner against him, the plaintiff need only prove the shipment in good condition and the delivery in damaged condition. *M. & E. Ry. Co. v. Culver*, 75 Ala. 587; *Cooper & Co. v. Ga. Pac. Ry. Co.* 92 Ala. 329.

The present action is by the consignor against the *receiving* carrier, the goods being destined to a point on the line of a connecting carrier. There was a through bill of lading, but it stipulated for the non-liability of the defendant for loss, destruction or injury occurring beyond its own line. The evidence showed without conflict that the goods were delivered to the consignee by the connecting carrier, but in a damaged condition, and a recovery of damages for injuries, and not for non-delivery is sought. There was no evidence that the damage to the property occurred

[Trammell v. Craddock.]

on defendant's line or before delivery to the connecting line. The case was therefore not made out, and the Circuit Judge, the trial being without jury, should have rendered judgment for the defendant. The judgment for plaintiff is reversed, and a judgment for the defendant will be here entered.

Reversed and rendered.