CASE 4.—ACTION BY C. W. BOSWELL AND ANOTHER AGAINST THE CITIZENS' SAVINGS BANK, ETC., TO RECOVER MONEY LOST IN STOCK GAMBLING.— October 31.

## Citizen's Savings Bank v. Boswell, &c.

Appeal from McCracken Circuit Court.

W. M. REED. Circuit Judge.

Judgment for plaintiffs, defendant bank appeals— Affirmed.

1.  Evidence—Evidence at Former Trial.—Where witnesses were not dead at the time of a second trial, and their evidence at the first trial did not consist of admissions made in the usual course of business and in connection with the transactions in controversy, had with them as officers of defendant bank, a transcript of their testimony at the former trial was inadmissible.

2.  Appeal—Admission of Evidence—Prejudice.—Where two witnesses testified substantially as they had done on a former trial, defendant was not prejudiced by the court's erroneous admission of the report of their evidence on a former trial.

3.  Same.—Where issue was taken on a garnishee's answer, and it appeared that it had on deposit belonging to the defendant, garnished by an improper name, more than enough to pay the amount sued for, the admission of evidence of a deposit

made by such defendant after service of the garnishment was not prejudicial to the garnishee.

4.   Garnishment—Liability of Garnishee—Instructions.—Where a bank was garnished in a suit in which the defendant was misnamed as the "O'Dell Commission Company," instead of the "O'Dell Company," and the bank denied that it had any funds of the "O'Dell Commission Company," an instruction that the defendant would be liable to the extent of the amount of the deposit of the "O'Dell Company,' necessary to pay plaintiff's judgment, unless it was misled by the misnomer, was not objectionable as requiring the garnishee to look to a circuit court record to determine the party intended; there being no reference in the instruction or in the evidence to such record.

5.   Trial—Instructions—Undue Prominence of Matters.—A garnishee, in an action against it, relied on a misnomer in the name of the debtor in the garnishee summons. Prior to the garnishment it had sent a telegram authorizing a non-resident bank to draw on it for money in its hands to the credit of the debtor. Held, That an instruction that if it remitted funds belonging to the debtor intended to be garnished, relying on the telegram, instead of being misled by the misnomer, the jury could not find for the garnishee because of such mistake, there was no ground for complaint on the part of the garnishee, as singling out a portion of the evidence, such evidence having no place in the case, and not to be considered by the jury in determining whether the garnishee was misled by the misnomer.

J. D. MACQUOT, attorney for appellant.

1. It is well settled that the opinion of the Court of Appeals, rendered on a former appeal, is the law of the case for all purposes.

2. Appellant was not required to examine the record after it had answered as garnishee.

3. The court erred in giving instruction "B" to the jury, because it gave undue prominence to portions of the testimony.

### AUTHORITIES CITED.

Hopkins v. Adam Roth Grocery Co., 105 Ky., 357; Flood v. Pragroff, 79 Ky., 617; L. & N. R. R. Co. v. Banks, 17 Ky. Law Rep., 1065; Moran v. Higgins, 19 Ky. Law Rep., 456; Taulbee v. Moore, 21 Ky. Law Rep., 378; Old Times Dis. Co. v. Zehnder, 21

Ky. Law Rep., 753; Travelers' Ins. Co. v. Clark, 22 Ky. Law Rep., 902; Boswell v. Citizens' Sav. Bank, 29 Ky. Law Rep., 988.

D. G. PARK, attorney for appellees.

### AUTHORITIES CITED.

1. Questions involved: The $8,800 deposit after garnishment; Mrs. McMannon's testimony. (3 Wigmore on Evidence, section 1669; 1 Wigmore on Evidence, section 737.)

2. Instructions given by the court. (2 Ency. of Pleading and Practice, 235, 245, 288, 297; Blashfield on Instructions, sections 92, 93, 103; Tipton v. Triplett, 1 Met., 570; Hall v. Renfro, 3 Met., 51; Taylor v. Armstrong, 5 Ky. Law Rep., 251-2; Blashfield on Instructions, section 92; Travelers Ins. Co. v. Clark, 115 Ky. 877-880-1-2, 25 Ky. Law Rep. 1233-4, 25 Ky. Law Rep. 111-112, 22 Ky. Law Rep. 902; L. & N. R. R. Co. v. Earl's Admr., 94 Ky., 374; Central Pass. Ry. Co. v. Chatterson, 14 Ky. Law Rep., 397-8; L. & N. R. R. Co. v. Morris' Admr., 14 Ky. Law Rep., 467-8; Sandy River Coal Co. v. Whitehouse Coal Co., 31 Ky. Law Rep., 374.)

3. Second appeal. (I. C. R. R. Co. v. Stith's Admx., 30 Ky. Law Rep., 532; Sandy River, etc., Co. v. Whitehouse, etc., Co., 31 Ky. Law Rep., 374.)

OPINION OF THE COURT BY WM. ROGERS CLAY—Commissioner—Affirming.

Appellees, C. W. Boswell and Z. T. Long, sued the O'Dell Commission Company and others in the Graves circuit court, on June 10, 1903, for money lost in stock gambling, and on June 11, 1903, an attachment was served on appellant, commanding it to hold money in its hands belonging to the O'Dell Commission Company. Appellant then had on deposit to the credit of the O'Dell Company the sum of $6,000, which amount it did not hold, but paid out on the same day on a check of the O'Dell Company drawn through a Cincinnati bank. Thereafter appellees amended their petition and alleged that the O'Dell Company was the true name of the garnishee. Prior

to the time of this amendment appellant had answered that it owed defendant nothing. Subsequently this action was instituted against appellant, charging it with having failed to make a true disclosure of the money it owed to the principal defendant. At the first trial judgment was rendered in favor of the bank. On appeal that judgment was reversed by this court in an opinion which will be found in 123 Ky. 485, 96 S. W. .797, 29 Ky. Law Rep. 988. The case was remanded for the sole purpose of submitting to a jury the question whether or not appellant was misled by the use in the process of attachment of the name "the O'Dell Commission Company, instead of the O'Dell Company." This question was submitted to a jury, which returned a verdict in favor of appellees. From an order refusing a new trial, the Citizens' Savings Bank prosecutes this appeal.

The following errors are assigned: (1) That the stenographer who reported the testimony at the former trial was permitted to read to the jury the evidence given by Mr. Paxton, president. and Mr. Rudy, cashier, of the Citizens' Savings Bank. (2) That evidence of a deposit of $8,800 by the O'Dell Company after the service of the attachment was admitted. (3) That the instructions were erroneous.

As neither Mr. Paxton nor Mr. Rudy was dead at the time of the last trial, and as their evidence on the former trial did not consist of admissions made in the usual course of business, and in connection with and at the time of transactions then had with the bank through them as agents or officers, the admission of their former evidence was improper; but, as both Mr. Paxton and Mr. Rudy subsequently took the witness stand and testified substantially as they had done at the former trial, we do not think the

action of the court in permitting the stenographer to detail their former evidence was in any way prejudicial to appellant.

Evidence of the deposit of $8,800 was not material one way or the other. The jury could not have been misled into believing that the attachment applied to that sum. The judgment was only for $3,261.83 and interest. There was already on deposit to the credit of the O'Dell Company the sum of $6,000. almost twice as much as the sum sued for, which fact was made known to the jury by the instructions of the court.

The instructions given by the court are as follows: "(A) The court instructs the jury that the judgments alleged in favor of plaintiffs were duly rendered against the O'Dell Company, and the attachments were duly sustained against its property, including the $6,000 on deposit in defendant bank in the name of the O'Dell Company; and the jury will find in their verdict for the plaintiffs, unless they believe from the evidence that the mistake in the use of the word 'Commission' in the name of the O'Dell Company, as set forth in the process of attachment served on the defendant, was under all the facts and circumstances in this case reasonably calculated to mislead, and did mislead, the president and cashier of the defendant, so that by reason thereof they did not know, or with reasonable diligence under such facts and circumstances could not ascertain, that the O'Dell Company's deposits were meant in such process to be attached, and by reason thereof in good faith failed to hold such deposits in its bank and possession for the benefit. of plaintiffs under their attachments against such company, in which latter event, if they so believe, they will find for the de-

fendant. (B) The Court instructs the jury that if they believe from the evidence that the defendant the Citizens' Savings Bank, through its president, W. F. Paxton, or cashier, R. Rudy, remitted the $6,000 to the Merchants' National Bank, of Cincinnati, Ohio, relying upon the telegram exhibited in evidence, instead of being misled into remitting it by reason of the mistake referred to in the other instruction herein, then they cannot find for defendant on account of such mistake.''

Counsel for appellant contends that instruction A is erroneous, because it virtually required appellant to look at the record of Graves circuit court, when this court held in its former opinion that this was not necessary, and for the further reason that reasonable diligence was not defined by the court. We do not think this instruction is susceptible of the construction placed upon it by counsel for appellant. The record of the Graves circuit court is not referred to in the instruction or in the evidence. The evidence did show, however, that the business with the bank was first carried on in the name of the O'Dell Commission Company. The same person who was manager of that company then notified the bank that the O'Dell Commission Company had quit business, and that the business formerly conducted by that company would in future be carried on by the O'Dell Company. The bank knew that the same person was manager of both companies. Its officers were acquainted with the local representatives, who were the same for each concern. These were the facts and circumstances which the court told the jury to consider in determining whether or not appellant was misled by the mistake in name, and under this state of the record we are unable to see how the jury could

have reached a different conclusion. Though the instruction is subject to criticism, we do not think it was calculated to prejudice, or did prejudice, the substantial rights of the appellant.

Instruction B is assailed on the ground that it singles out and gives undue prominence to a portion of the evidence. The evidence singled out, however, had no place in the case, and should not have been considered by the jury in determining the good faith of appellant. The effect of the instruction given was the same as if the court had peremptorily instructed the jury to disregard evidence that was not admissible, and appellant has no just cause of complaint that such testimony was eliminated from the consideration of the jury.

Perceiving no substantial error in the record, judgment is affirmed.