# Central of Georgia Railway Co.
# *v.* Dothan Mule Co.

### *Action for Damages for Injuries to Stock.*

#### (Decided April 15, 1909. 49 South. 243.)

1. *Carriers; of Goods; Live Stock; Action for Damages; Instruction.*—Where the action was for damages for injury to live stock by the consignee against the delivering carrier, a charge asserting that where the carriage of freight is to be over several connecting carriers, as in this case, it seems that if the consignee bringing the suit shows to the jury that the animals were in good condition when delivered to the initial carrier, and that they were not in good condition when delivered to the discharging carrier, and the suit is against the discharging carrier, then these facts alone without more

[Central of Georgia Railway Co. v. Dothan Mule Co.]

put the burden on the defendant, the discharging carrier, to show to the reasonable satisfaction of the jury that the harm and injury did not come to the animals while they were in the keep of the discharging carrier, is a clear and explicit statement of the law of this case and clearly not abstract.

2. *Same; Instructions; Effect of Testimony.*—A charge asserting that the mere fact that a certain witness testified that the animals for whose suit was brought did not show damage when they were unloaded by the initial carrier, did not prove that they were in good condition when delivered to the defendant, was properly refused for the reason that the question as to what the witness' testimony proved was for the jury and not for the court.

3. *Appeal and Error; Harmless Error; Instructions.*—It is not error to reversal to give an abstract charge although inapplicable to the proof; and if the adversary party deemed it necessary that it be explained to make it applicable to the case, the duty was on such party to have requested explanatory charges.

4. *Charge of Court; Singling Out Testimony.*—A charge which singles out the testimony of one witness and asserts that it did not prove a certain fact not only singles out the testimony but requires of the court to pass upon the weight and sufficiency of evidence.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by the Dothan Mule Co., against the Central of Ga. Ry. Co., for damages to live stock during transportation. From a judgment for plaintiff defendant appeals. Affirmed.

STEINER, CRUM & WEIL, and W. F. THETFORD, JR., for appellant. Counsel insist that the court erred in the oral charge given and in the refusal of written charge 8 requested by the defendant, and in support of their insistence, they cite and criticise the case of.—*M. & E. R. R. Co., v. Culver*, 75 Ala. 587, and *L. & N. v. Jones*, 100 Ala. 263, and seeks to differentiate them from the case at bar. On the question of notice of the injury they cite.—*Western Ry. Co. v. Hardwell*, 91 Ala. 340.

HILL, HILL & WHITING, for appellee. Counsel insist that the bill of exceptions was not signed in time and that it should be stricken.—Rule 30, p. 1200, Code 1896; *Abercrombie, et al. v. Vandiver*, 140 Ala. 228. It is well

established that the concurring negligence of two par·
ties makes both liable to a third party injured thereby,
although the act alone of the party sued might not have
caused the entire injuries.—1 Thomp. on Neg. sec. 76;
31 L. R. A. 570.· The court properly denied motion for
new trial.—*Cobb v. Malone,* 92 Ala. 330; *Taylor v. Cau·
ley,* 113 Ala. 580; *Alabama Co. v. Brown,* 129 Ala. 286.
The condition in the contract as to when the claim
should be filed is unreasonable and void.—*Southern Ex·
press Co. v. Bank of Tupelo,* 108 Ala. 517; *Crook's Case,*
44 Ala. 468. Appellant was not entitled to a new
trial on the grounds of surprise or accident.—95 Ala.
287; 98 Ala. 168; 108 Ala. 81.

MAYFIELD, J.—This is an action by the shipper of
live stock to recover damages from the delivering car·
rier for injury to the live stock delivered by the carrier
to the shipper.   Issue was joined upon the complaint
·after counts 7 and 8 were stricken, which resulted in a
verdict for the plaintiff for $748.80. from which judg·
ment the defendant appeals.   Defendant also made a
motion for a new trial, which was denied by the court,
and the action of the court in denying the motion it as-
signs as error on this appeal.

It is assigned as error that the trial court gave, as a
part of its oral instructions, the following: "But where
the carriage of freight is to be over several connecting
carriers, as was the case here, it seems that if the con-
signee bringing the suit in this case, shows to the jury
that the animals were in good condition when delivered
to the initial carrier, and that they were not in good con-
dition when delivered by the discharging carrier, and
the suit is against the discharging carrier, then these
facts alone, without any more, put the burden on the
defendant, the discharging carrier, to show to the rea-

sonable satisfaction of the jury that the harm and injury did not come to the animals while they were in the keep of the discharging carrier, and that is the law in this case, and it will be for you to make application of it to the evidence as you have heard it." It is also assigned as error that the trial court refused to give written charge No. 8, requested by defendant, as follows: "The court charges the jury that under the evidence the mere fact that witness F. M. Perry testified that the animals sued for did not show damage when they were unloaded from the car, after they were transported to Montgomery by the Louisville & Nashville Railroad Company, does not prove that the animals were in good condition when they were delivered to defendant." The third assignment of error is "that the court below erred in overruling motion of defendant for a new trial."

It is insisted by appellee that the bill of exceptions should be stricken in this case; but it is unnecessary for us to consider that question, for the reason that the case must be affirmed, though the bill be not stricken.

The part of the oral charge excepted to above, embraced in the first assignment of error, is a clear and explicit statement of a proposition of law therein as heretofore decided by this court, and we see no reason to decline to follow the former decision.—*L. & N. R. R. Co. v. Jones,* 100 Ala. 263, 14 South. 114; *M. & E. R. R. Co. v. Culver,* 75 Ala. 587, 51 Am. Rep. 483. If that part excepted to was not applicable to this case, and was therefore abstract, it would not be reversible error to give it to the jury; but it was by no means abstract, and it was clearly applicable. If it needed the explanation insisted upon by counsel for appellant to make it applicable to the case at bar, this should have been done by requested charges on the part of the appellant.

Charge No. 8, requested by the appellant, was properly refused, for several reasons. Whether or not the testimony of the witness that the animals did not show damage when they were unloaded at Montgomery and delivered to the defendant company proved that they were in good condition when delivered was a question of fact for the jury, and not for the court. The court not only properly refused this charge for this reason, and for the further reason that it singled out the evidence of one witness and requested that the court charge that it did not prove a certain fact, but it would have been error for the court to give the charge, for the reason that the court would thereby pass upon the weight and sufficiency of the evidence. The able brief of the learned counsel, filed in this case, is a very strong and persuasive argument as to the weight and sufficiency of the evidence to make out a case against the defendant; but the weight and the sufficiency of the evidence are questions for the jury, and not for the court. It is not necessary for us to here discuss the weight or the sufficiency of the evidence. It is sufficient to say that there was abundant evidence, both competent and sufficient to submit to the jury, and, as found by the jury, to support the exact verdict; and so far as appears from the record in this case there was no reversible error on the part of the court in giving or refusing charges, or in denying the motion for a new trial.

We are not prepared to say that the verdict of the jury was not in accordance with the evidence. We are unable to find any material issue involved in this case as to which there was not sufficient evidence to support the verdict of the jury.

The judgment of the city court is affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.