# Smiley, Son & Co. *v.* Keith.

## *Damage to Goods.*

(Decided Nov. 28, 1911.   57 South. 127.)

1. *Action; Parties; Designation or Description.*—Section 2506 authorizes actions against persons in the common name under which they transact business as partners and it is not necessary in suing corporations by their corporate name to allege corporate existence; hence, a complaint against Smiley, Son & Company is not demurrable for a failure to designate the defendant as a corporation or a partnership, as the name fairly imports the one or the other.

2. *Carriers; Injury to Goods; Contributory Negligence.*—Where the defendant is sued for an injury to a piano while moving it under a contract from house to house, a plea of contributory negligence alleging that plaintiff was guilty of contributory negligence in consenting to an insufficient number of men attempting to move or load it on defendant's wagon, was bad in failing to allege plaintiff's knowledge of the number necessary to properly move it.

3. *Same; Burden of Proof.*—A charge requiring plaintiff by proof to show that the defendant failed to use due care in moving the piano, exacts a too high measure of proof, the requirement being only that it be shown to the reasonable satisfaction of the jury.

4. *Negligence; Contributory Negligence; Plea.*—A plea of contributory negligence as an answer to an action for damages for injuries to a piano while being moved under a contract from one house to another, which alleges that plaintiff was guilty of contributory negligence in that he himself superintended the moving and loading of it, and that it was moved and loaded according to his instructions, is bad for failure to aver any facts showing negligence on the part of the plaintiff.

5. *Pleading; Demurrers.*—It is not error to sustain demurrer to a plea setting up contributory negligence, and not showing to which of the counts of the complaint it was directed, when one of such counts was for willful or intentional injury, the presumption being that the plea was directed to each of the counts.

6. *Charge of Court; Directing Verdict.*—Where the evidence is in conflict on any matter material to the issue, the affirmative charge should not be given.

7. *Same; Assuming Facts.*—Where plaintiff testified positively that he engaged the defendant to move his piano at a stipulated price, which was paid, the defendant's responsibility for the negligent acts of the servants in moving the piano did not rest alone on ratification, hence, a charge asserting that the verdict should be for defendant if the jury believed that plaintiff had agreed with defendant that household furniture and not a piano should be moved, and the defendants never ratified the act of their servants in accepting the piano for transportation, assumed facts about which there was conflict.

[Smiley, Son & Co. v. Keith.]

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by R. C. Keith against Smiley, Son & Co., for damages to a piano while undertaking to remove same for hire. Judgment for plaintiff, and defendants appeal. Affirmed.

The third plea is as follows: "That the plaintiff was guilty of negligence which proximately contributed to the injury of the said piano in this, to wit: That the plaintiff consented to an insufficient number of men attempting to move or load the said piano on the wagon of defendant." Plea 4: "That plaintiff himself was guilty of contributory negligence which proximately contributed to the injury of the said piano, in this, to wit: That the plaintiff was himself superintending the moving and loading of the said piano, and that the same was loaded and moved according to his instructions."

The following is charge 1: "I charge you that the burden of proof is on the plaintiff in this case to show that the defendant or his agents or servants failed to use due care in handling the piano."

The following charge was refused to defendant, and made the basis of the sixteenth assignment of error. "I charge you that, if you believe from the evidence that plaintiff agreed with the manager of the defendant company that household furniture, and not a piano, was to be hauled, and that the defendant never ratified the act of Jim Maynard and Will Clements, in accepting said piano for transportation, then you must find for the defendant.

STALLINGS, DRENNEN & JUDGE, for appellant. The complaint was demurrable for not stating whether the defendant was a partnership or a corporation.—*Reid & Co. v. McLeod*, 20 Ala. 576; *Moore & McGhee v. Burns*, 60 Ala. 269; *Bolling & Son v. Speller*, 96 Ala.

269; 30 Cyc. 98. Counsel discuss the other assignments of error, but without citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee. The name fairly imports a partnership or corporation, and as it is not necessary to allege corporate existence when suing a corporation, and as section 2506, Code 1907, author-izes a suit against a partnership in its common name, the demurrer was not well taken because of the desig-nation of the party defendant.—*B. L. & A. v. First Nat. Bank,* 100 Ala. 251; *Wyman, et al. v. Stewart,* 42 Ala. 166; *Comer & Trapp v. Reid,* 93 Ala. 392. Process was served and defendant answered by attorney, and hence, defendant cannot say that there was uncertainty as to its identity.—Authority supra. Counsel discuss other assignments of error, but without citation of authority.

PELHAM, J.—Suit was brought in the court below by the appellee against the appellants, seeking to re-cover damages for injuries to a piano alleged to have been occasioned by the negligence of appellant's em-ployes while moving it from the house in which appel-lee had been living to another house which he rented, and to which he was removing his household effects; the appellants having undertaken for hire or reward in the course of their business to remove the piano.

"Smiley, Son & Co." were named as the parties de-fendant in the complaint, and appellants demurred to the complaint on the ground that it was not stated and did not sufficiently appear whether the defendant is a corporation, partnership, or individual. Appellants in-sist that the failure of the complaint to designate the defendant "Smiley, Son & Co." either as a corporation or partnership renders it fatally defective, and that the court was in error in overruling the demurrer. The

suit is against the common name, "Smiley, Son & Co.," which fairly imports a partnership—(*Birmingham Loan & Austion Co. v. First National Bank*, 100 Ala. 251, 13 South. 945, 46 Am. St. Rep. 45), and section 2506 of the Code of 1907 authorizes a suit to be brought against a partnership in its common name. If the name can be said to fairly import either a partnership or an incorporated company, no incapacity to be sued appears on the face of the complaint; for, if a partnership or common name, section 2506 of the Code authorizes suit against it as such, and, if a corporation, it is suable by its corporate name without alleging corporate existence, and is not subject to demurrer founded on such objection. The demurrers to the complaint were not well taken.—*Seymour & Sons v. Thomas Harrow Co.*, 81 Ala. 250, 1 South. 45; 10 Cyc. 1347, 1348.

The pleas of contributory negligence are manifestly insufficient, and none of them constituted a good answer to the complaint. The first plea of contributory negligence, designated as plea No. 3, fails to allege any knowledge on the part of plaintiff of the necessary number of men required to properly move the piano. Plea No. 4 neither traverses defendant's negligence, nor avers any facts of negligence upon the part of plaintiff. The other special pleas were clearly defective and insufficient, and subject to the demurrers interposed to them. It does not appear to which count or counts of the complaint these special pleas of contributory negligence are directed. It is to be presumed that they are directed to each of the counts and one count claims punitive damages for wanton or intentional injury, and no error was committed by the court in sustaining demurrers to them.—*City of Greenville v. Greenville Water Co.*, 125 Ala. 625, 27 South. 764; *Smith v. Heineman*, 118 Ala. 195, 24 South. 364, 72 Am. St. Rep. 150.

Charge No. 1 requested in writing by appellants and refused by the court exacts too high a measure of proof. The burden is not to show or prove facts certainly or absolutely by the evidence, but only to the reasonable satisfaction of the jury. —*Eagle Iron Co. v. Baugh,* 147 Ala. 613, 41 South. 663; 6 Mayfield's Dig. p. 340, § 105.

The general affirmative charges requested on the different counts of the complaint were properly refused, as the evidence on the question of defendant's liability was in conflict, and its weight and sufficiency were questions for the jury on each of the counts submitted by the court to the jury for their determination.—*C. of G. Ry. Co. v. Dothan M. Co.,* 159 Ala. 225, 49 South. 243.

The plaintiff testified positively that he engaged the defendants to move his piano at a stipulated price, which was paid, and the defendant's responsibility for the negligent acts of the parties doing the moving did not rest alone upon ratification of their acts by defendants, as assumed by the charge made the subject of the sixteenth assignment of error.

We are cited to no authority in support of other refused charges, nor do the assignments of error as to them seem to be seriously insisted upon. They clearly are not such charges as the court can be put in error for refusing.

There is no reversible error shown by the record, and the case is affirmed.

Affirmed.