# Nashville, C. & St. L. Ry. *v.* Hinds.

## Damage for Injury to Cattle.

(Decided December 13, 1912.   60 South. 401.)

1. *Carriers; Shipping Contract; Notice; Validity.*—The stipulation in a shipping contract that the shipper must give notice before removing the live stock, and before mingling them with other live stock, and that such notice must be served within one day after delivery at destination, as a condition precedent to recovery of damages for loss or injury to the stock, is unreasonable and contrary to law, and hence, void.

2. *Same; Liability of Carrier.*—A stipulation in a shipping contract that the shipper would load and unload the cattle, and care for them while awaiting shipment and delivery at feeding or transfer points en route, or when unloaded for any purpose, and will pay the carrier for any expenses incurred in caring for the stock, does not relieve the carrier from liability for damages to a shipment of cattle, caused by want of proper care, where it does not appear that the shipper or his agent were permitted to or did accompany, or were notified when, where and how the cattle would be stopped for feed and water.

3. *Same; Injury to Stock; Value; Evidence.*—Evidence of the value of an animal killed during shipment was relevant to show whether the limitation of liability in the shipping contract was grossly unreasonable or greatly less than the real value.

4. *Same; Burden of Proof.*—Where the action was for injury to a shipment of cattle, and the uncontradicted evidence showed the relation of shipper and common carrier, the burden was on the carrier to prove that the stock were not injured while in its custody.

5. *Same; Instruction.*—In an action for injury to a shipment of cattle, charges asserting that if the jury believe certain evidence they should make certain findings, were properly refused, where the evidence was such that reasonable minds might reach different conclusions therefrom.

[Nashville, C. & St. L. Ry. v. Hinds.]

6. *Same.*—Where the action was for injury to a shipment of stock and a witness testified that he assisted in the loading, and called attention of defendant's agent to cracks in the car, and the agent instructed him to load notwithstanding, a charge was properly refused which asserted that plaintiff could not recover if the injuries were due to bedding having been lost through cracks in the car, and plaintiff's agent knew of such cracks when he loaded the car, and knew or had reasonable grounds to believe that the bedding would be thus lost, and the cattle thereby injured.

7. *Evidence; Expert; Competency.*—Where a witness testified that he knew about the loading of cattle and had helped load and unload cattle for about six years, he was competent to testify whether the cattle were properly loaded, or were loaded too loose or too tight.

8. *Trial; Objections to Evidence; Time.*—Objections to evidence will not be considered when it does not appear that the question eliciting the evidence was objected to before the witness answered.

9. *Appeal and Error; Findings; New Trial.*—Where the evidence does not plainly and palpably fail to support the verdict and judgment, such verdict and judgment will not be disturbed on a motion to set it aside because not supported by the evidence.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by A. M. Hinds against the Nashville, Chattanooga & St. Louis Railway, for damages for injury to a shipment of cattle. Judgment for plaintiff, and defendant appeals. Affirmed.

The fourth plea is as follows: "The defendant received the animals referred to in the complaint under a written contract between plaintiff and defendant for the transportation thereof from Guntersville, Alabama, to Chattanooga, Tennessee, which contract contained a provision or stipulation in words and figures as follows: 'That as a condition precedent to the recovery of any damages for any loss or injury to live stock covered by this contract for any cause, including delays, the second party will give in writing notice of the claim therefor to some general officer, or to the nearest station agent, of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place

of destination, and before such stock is mingled with other stock, such written notifications to be served within one day after the delivery of the stock at destination, to the end that such claim may be fully and fairly investigated, and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of all and any such claims, and to any suit or action brought therein.'  And defendant avers that plaintiff did not give any written notice of a claim for the loss or injury as provided for in said provision or stipulation."

Plea 5:  "That the defendant received the cattle referred to in the complaint under a written contract for the shipment thereof from Guntersville, Ala., to Chattanooga, Tenn., under a written contract which contained a provision or stipulation in words and figures as follows [plaintiff being named as the party of the second part in said contract] :  'The said party of the second part further agrees that he or his agent will load and unload said stock at his own risk, and feed, water, and attend to the same at his own expense and risk, while in the stockyard of the party of the first part, awaiting shipment or delivery, or at feeding or transfer points en route, or where it may be unloaded for any purpose; and it is agreed that any expense so incurred by the party of the first part in behalf of the party of the second part, or his agent or assigns, for feeding, watering, loading, or unloading or detention and care of such stock shall be assessed against such stock and collected from connecting carrier and consignee upon delivery'— and that defendant did not assume to feed such stock during the carriage of same."

The demurrers to plea 4 are that the stipulations as to notice were void, that they are unreasonable, and that they are contrary to law, and that the plea does not set up anything in bar of the action; to the fifth plea,

[Nashville, C. & St. L. Ry. v. Hinds.]

that it does not show that plaintiff or his agent was permitted to accompany the cattle, or that they did accompany the cattle, or that defendant gave plaintiff or his agent notice of where, when, and how said cattle would be stopped for feed and water.

Mr. Elrod testified that he knew about loading cattle on cars, and that he had been helping to load and unload cattle for about six years, and he was permitted to testify that the cattle were properly loaded, and were neither too loose nor too tight.

The following charges were refused to the defendant: (2) "The court charges the jury that, if they believe the evidence, the plaintiff cannot recover for the bull which died on the boat." (4) "If the jury believe all the evidence, they must find a verdict for defendant as to the three head of cattle dead when the boat reached Hobbs' Island." (5) "If the jury believe the evidence in this case, plaintiff cannot recover for the cow and yearling that died at Gunters' Landing." (3) "The burden is on the plaintiff to prove that the defendant was negligent in the carriage or hauling of the cattle, and that injury to the shipment of cattle resulted from such negligence." (6) "The court charges the jury that, if the injuries to the cattle were due to the bedding having been lost out through the cracks and holes in the car, the plaintiff cannot recover on account of this, if, when the plaintiff's agent loaded the cattle on the car, he knew of the cracks and holes in the car, and knew or had reasonable grounds to believe that the bedding would be lost out through the cracks and holes, and that thereby the cattle would be injured." (7) "The rule of liability of defendant in this case is the same as that of a private citizen who undertakes to carry goods for hire." (8) "Under the contract of shipment in this case, the liability of the defendant is that of a private

carrier for hire, and the burden of proof is on the plaintiff to show that defendant was at fault in reference to the injury or killing of the cattle shown by the evidence to have been injured or killed."

SPRAGINS & SPEAKE, and STREET & ISBELL, for appellant. Plea 4 was sufficient and set up a good defense.— *C. of Ga. v. Henderson,* 152 Ala. 203; *Wes. Ry. of Ala. v. Harwood,* 91 Ala. 340; *L. & N. v. Landers,* 135 Ala. 505. Section 4297, Code 1907, was in the Code when the case of *C. of Ga. v. Henderson* was rendered, and hence, saves appellant from the construction contended for by appellee. Plea 5 was good.—*Wes. Ry. v. Harwell, supra; E. T. V. & G. Ry. Co. v. Johnson,* 75 Ala. 595. The shipping contract contains the stipulation as to outside value per head, and the court erred in permitting Hinds to show a larger value for the dead animal.—*So. Ry. Co. v. Jones,* 132 Ala. 437. Counsel discuss assignments of error relative to charges, but cite no additional authority.

JOHN A. LUSK & SON, for appellee. The stipulations set out in plea 4 are prohibited by section 4297, Code 1907, and also are unreasonable in their requirements. —*N., C. & St. L. v. Long,* 50 South. 130. The burden was on the carrier to acquit itself of negligence.—2 Mayf. 652. This is sufficient to condemn all the charges requested and refused.

PELHAM, J.—The plaintiff's demurrers to the defendant's fourth special plea were properly sustained.— *N., C. & St. L. Ry. Co. v. Hinds,* 178 Ala., 59 South. 669. Nor was the court in error in sustaining the plaintiff's demurrers to the defendant's fifth special plea. The plea as framed is palpably bad, as a plea in bar to the complaint.

The witness Elrod was shown to have had sufficient experience in shipping cattle to be allowed to answer the question as to the animals having been "too loose" or "too tight" when loaded in the car for shipment. It is a matter of common practice to allow stock dealers and those acquainted with handling stock to testify as experts concerning the management of stock and matters peculiarly within their knowledge.—Jones on Evidence, §§ 380, 381.

No exception is shown to the question eliciting the evidence of Hinds that the bull was worth $40, and this court is not authorized to review the objections to the admission of this evidence.—*Allison v. State,* 1 Ala. App. 206, 55 South. 453.

Nor was the plaintiff precluded from showing the real value of the animal. It was relevant, if for no other purpose, to show whether or not the limitation by contract of liability was grossly unreasonable or greatly less than the real value of the animal shipped.

Charges 2, 4, and 5, requested by the defendant, were properly refused. There were tendencies of the evidence and inferences that could properly be drawn from it that would not authorize the court to determine those facts, and take from the jury the consideration of the defendant's liability for the animals embraced in these charges. It is improper for the court to give charges assuming facts, or determining the evidence when reasonable minds might reach different conclusions from the evidence offered.—*So. Ry. Co. v. Ellis,* 6 Ala. App. 441, 60 South. 407, present term. The court properly stated the law on this proposition to the jury in charges given at the instance of the defendant (numbered on the margin of the transcript by us 10 to 14 inclusive), and properly left the finding on the facts, and the inferences to be drawn from the evidence, to the jury.

Charges 3, 7, and 8 did not properly state the law as applicable to the evidence and the issues before the court. The defendant was sued as a common carrier. The evidence without conflict showed the relation of shipper and common carrier for a reward to exist between the plaintiff and defendant. No special defense was interposed seeking to limit or exempt the defendant from the rule of law imposing on it the burden of proof to reasonably satisfy the jury that the injuries received by the animals did not occur while they were in the keep or custody of the defendant as the delivering carrier. The burden of proof to show this rested upon the defendant.—*C. of Ga. Ry. Co. v. Dothan Mule Co.*, 159 Ala. 225, 49 South. 243.

Charge 6 is improper and misleading in the light of the testimony of the witness who loaded the cattle that he called the attention of the defendant's agent to cracks or holes in the car, and that the agent instructed him to load them in the car notwithstanding. It is not such a charge as the court can be put in error for refusing, as it singles out and gives undue prominence to part of the evidence, and is an argument rather than a succinct statement of any legal principle.

The court upon hearing the defendant's motion for a new trial on the grounds that the verdict was excessive and the evidence not sufficient to support it reduced the verdict from $286 to $175. We are unable to reach the conclusion, after a careful consideration of all of the evidence set out in the record, that the verdict, as reduced by the court on the hearing of defendant's motion, is excessive, or so clearly against a decided preponderance of the evidence and the inferences that might fairly be drawn from it, as to convince us that it should not be allowed to stand under the established rule. It is the settled rule of law in this state that the

[City of Birmingham, et al. v. Kennedy.]

refusal of the trial court to set aside a verdict because not supported by the evidence will not be disturbed, and a reversal ordered on that account, unless there was a plain and palpable failure of the evidence to support the verdict. This has been the rule since declared in the case of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738. See *Montgomery-Moore Mfg. Co. v. Leeth,* 2 Ala. App. 325, 338, 56 South. 770, and authorities there cited.

We find no prejudicial error authorizing a reversal of the case, and an affirmance of the judgment appealed from is ordered.

Affirmed.

WALKER, P. J., not sitting.