(116 So. 708)

## NEBHUT v. FOURTH NAT. BANK.
### (3 Div. 592.)

Court of Appeals of Alabama.   March 27, 1928.

Rehearing Denied April 24, 1928.

Weil, Stakely & Cater, of Montgomery, for appellee.

Ball & Ball, of Montgomery, for appellant.

SAMFORD, J.   Plaintiff obtained judgment in the circuit court of Montgomery county against Hall-Beale Company, a corporation.   To enforce this judgment plaintiff made affidavit reciting a judgment against Hall-Beale Company, and upon this affidavit obtained process of garnishment directed to this garnishee requiring it to answer in respect to its dealings with Hall-Beale Company.   On the hearing the garnishee refused to answer certain questions and to produce certain records relating to its dealings and accounts with Hall-Beale Company, Inc., assigning as a reason that the process described the defendant in execution as Hall-Beale Company, and that whatever dealings they had had were with Hall-Beale Company, Inc.   The rulings of the court on this question were adverse to plaintiff, and to which exceptions were duly reserved.

The question presented deals with process and not with pleading and will be considered as such.   Bearing in mind, then, that we are here dealing with process and not with pleading and that the law does not look with

favor on efforts to evade or subterfuges to avoid the processes of the courts, we have to say that, while we have no direct authority for the holding, we are of the opinion that the word "Incorporated," required by section 6965 (1), Code 1923, to follow the word "Company" in the name of the corporation, is not, strictly speaking, a part of the corporate name, but is a word used in connection therewith to ascribe a legal character or capacity. So, as is said in 4 Fletcher's Cyc. Corp. par. 3042:

"Pleading the name of the corporation is one thing and pleading that it is a corporation is quite another. The first identifies the party; the second ascribes a legal character. The first is essential. The second may not be."

Again, in Stephens on Pleading (Tylers' Ed.) p. 284, it is said:

"The primary purpose of naming the parties is identification—certainty as to the party suing or being sued."

In this case therefore we hold that the naming of the defendant in execution, as the Hall-Beale Company in the writ of garnishment served on the garnishee, was a sufficient designation of such defendant as to require the garnishee to disclose its dealing with Hall-Beale Company, Inc. We are strengthened in this position by the reasoning in the following cases: U. Ins. Soc. of Canton v. Sudduth, 212 Ala. 649, 103 So. 845; Smiley Sons & Co. v. Keith, 3 Ala. App. 354, 57 So. 127; Emmonds v. State, 87 Ala. 12, 6 So. 54; Seymour & Sons v. Thomas Harrow Co., 81 Ala. 250, 1 So. 45.

In addition to the foregoing, we may add: It can hardly be contended that the garnishee did not know who was intended as defendant in execution named in the garnishment writ. The garnishee bank had been formerly dealing with the Hall-Beale Cotton Company, a partnership, and the affairs of that company were being liquidated through the bank, the corporation the Hall-Beale Company had been organized with the former partners as stockholders and officers, and the corporation continued to do business with the garnishee. Nobody was misled by the omission of the word "Incorporated" from the garnishment writ, and the rights of nobody were prejudiced. Where this is the case the garnishee becomes liable to hold the property of the defendant in execution subject to the process, although the name of defendant in execution is not correctly given. The authorities even go further and hold that the garnishee would be liable if he had reason to suppose the proceedings are intended to be against his creditor. Central of Ga. R. R. Co. v. Napier, 19 Ga. App. 483, 91 S. E. 1004; Citizens' Savings Bank v. Boswell, 127 Ky. 21, 104 S. W. 1014; 28 C. J. 220, par. 296. The judgment appealed from is the order discharging the garnishee, which appears in the record proper.

The rulings of the trial court were not in accord with the foregoing. The judgment is reversed, and the cause is remanded.

Reversed and remanded.